MARION M. DARNELL, Plaintiff-Appellee, v. RALPH KORTE EQUIP-MENT COMPANY *et al.*, Defendants-Appellants (Catholic Diocese of Belleville, Appellant).

Fifth District   No. 5—85—0573

Opinion filed June 20, 1986.

John McMullin and Beth A. Kamp, both of Brown, James & Rabbitt, P.C., of St. Louis, Missouri, for appellant Catholic Diocese of Belleville.

Heiligenstein & Badgley, P.C., of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Marion M. Darnell, filed a damage action in the circuit court of St. Clair County for personal injuries he allegedly sustained when he fell from a ladder while working as an employee of defendant Ralph Korte Equipment Co. (Korte) at a church owned by defendant Catholic Diocese of Belleville (the Diocese) on a project for which defendant Stauder, Fine & Bildner, Inc. (SFB), served as architect. Plaintiff's complaint against Korte sounded in negligence. His causes of action against the Diocese and SFB arose under the Structural Work Act (Ill. Rev. Stat. 1983, ch. 48, pars. 60 through 69). Defendants each moved for transfer of the case to Franklin County based upon the doctrine of *forum non conveniens*. Following discovery by the parties, the circuit court heard arguments of counsel on the motions filed by defendants the Diocese and SFB. Those motions were denied in an order dated July 24, 1985. The record is silent as to the disposition of the motion filed by defendant Korte. Defendant the Diocese then petitioned this court for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (94 Ill. 2d R. 306(a)(1)(ii)). We granted the Diocese's petition, and the sole question now before us is whether the circuit court abused its discretion in denying the Diocese's motion to transfer venue from St. Clair to Franklin County on grounds of *forum non conveniens*. We affirm.

Relying on common law principles, our supreme court has held that the doctrine of *forum non conveniens* applies intrastate. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601.) In ruling on motions to transfer venue based on intrastate *forum non conveniens*, a trial court must consider: (1) the availability of an alternative forum, (2) the access to sources of proof, (3) the accessibility of witnesses, (4) the relative advantages and obstacles to obtaining a fair trial, (5) the congestion of court dockets and (6) the convenience of the parties. (98 Ill. 2d 338, 351, 456 N.E.2d 601, 607.) Unless these factors strongly favor the defendant, then the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case, provided venue is proper. (98 Ill. 2d 338, 351, 456 N.E.2d 601, 607.) Each case must be considered as unique on its facts. (*Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 228, 478 N.E.2d 370, 372.) Whether a *forum non conveniens* motion should be granted or denied rests with the sound discretion of the trial court, and its ruling will not be disturbed on review absent an abuse of discretion. See *Bland v. Norfolk & Western Ry. Co.* (1986), 140 Ill. App. 3d 862, 866, 489 N.E.2d 435,

438, *leave to appeal granted* (1986), 112 Ill. 2d 557.

The record in this case is limited to plaintiff's complaint and amended complaint; defendants' motions to transfer and plaintiff's responses; answers to interrogatories filed by plaintiff, defendant the Diocese and defendant Korte; documents produced by defendant Korte in discovery; and notices of compliance with discovery filed by plaintiff and defendants Korte and the Diocese. Although no transcript of the hearing on defendants' motions has been furnished, these materials apparently contain everything that was presented to the trial court regarding defendants' motions. Reviewing the relevant *forum non conveniens* factors in light of this limited record, we conclude that the trial court did not abuse its discretion in denying defendant the Diocese's motion to transfer.

As a preliminary matter, there is no dispute as to the availability of alternative *fora*. The accident giving rise to plaintiff's cause of action occurred at St. Mary's Church in Sesser, Illinois, which is located in Franklin County, but that church is owned by defendant the Diocese, a corporation whose offices are in St. Clair County. The parties acknowledge that venue would therefore be proper in either St. Clair or Franklin counties. See Ill. Rev. Stat. 1985, ch. 110, pars. 2—101, 2—102.

■ Access to sources of proof does not strongly favor Franklin County. Plaintiff seeks to impose liability on defendants the Diocese and SFB on the grounds that they "[p]ermitted a ladder to be used by the plaintiff, Marion M. Darnell, when the ladder was of insufficient structural integrity to support the weight of the person thereon." We believe that the ladder in question is a more important source of proof than the particular location where the accident occurred. (See *Bland v. Norfolk & Western Ry. Co.* (1986), 140 Ill. App. 3d 862, 865, 489 N.E.2d 435, 437, *leave to appeal granted* (1986), 112 Ill. 2d 557.) The record is indeterminate as to the ladder's present location. The ladder is alleged to belong to defendant Korte, plaintiff's employer at the time of the accident. Korte apparently has offices not only in Williamson County, which is adjacent to Franklin County, but also in Madison County, which is adjacent to St. Clair County, and elsewhere. In any event, the ladder has been described as being only a wooden stepladder 8-12 feet in length. Because of its relatively small dimensions, it should be readily transportable to either St. Clair or Franklin counties. We note, moreover, that there is some suggestion that the ladder has now been destroyed. If this is so, its accessibility will obviously not be enhanced by any change in the situs of trial.

■ Accessibility to documentary sources of proof will likewise not

be improved by transfer of the case. Defendant Korte's answers to interrogatories indicate that its records regarding this matter are located at its Highland office in Madison County. Defendant the Diocese's records are kept at its Belleville offices in St. Clair County. Defendant SFB's records are presumably maintained in Kirkwood, Missouri, where its offices are located. Kirkwood, Missouri, is in the St. Louis metropolitan area, across the Mississippi River from St. Clair County. Defendant the Diocese has identified no specific documents which are kept at places other than St. Clair County or areas nearby. Furthermore, the record reveals that most documentary evidence, including plaintiff's medical records, has in fact already been furnished to the parties, and counsel for the Diocese has represented to this court that any additional documents can be supplied via the mails.

As for accessibility of the witnesses, the record shows that plaintiff has identified three individuals who witnessed the accident in which he was injured: Humbert Romani, Jonathin Hardin and James Gilmi. All three were allegedly Korte's employees, although we are uncertain as to whether they still work for Korte. Romani and Hardin both live in Sesser, Franklin County. Gilmi, said to have been superintendent for Korte at the accident site, is from Creal Springs, a town in the southeastern section of Williamson County. The pastor of the church where the accident occurred, who answered plaintiff's interrogatories on behalf of defendant the Diocese, has a Franklin County address but is an employee of the Diocese. Of the four doctors who treated plaintiff for his injuries, one is from Christopher, Franklin County; one from Herrin, Williamson County; and one from Carbondale, Jackson County. The fourth has his office in St. Louis County, Missouri. We do not yet know what, if any, preoccurrence and post-occurrence witnesses will be called to testify on behalf of defendants, but note again that the Diocese's offices are in St. Clair County, SFB's offices are in Missouri and Korte has offices in Franklin, Madison and other counties.

While the counties in which a number of potential witnesses reside and do business certainly place them in greater geographical proximity to Franklin County than to St. Clair County, the extent to which this proximity affects their "accessibility" is not so apparent. Contrary to the position taken by the Diocese at oral argument, the witnesses from the Franklin County area can all be subpoenaed to testify at trial in St. Clair County. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—1101.) Bringing those witnesses to St. Clair County may entail greater time and expense, but the same could be said of transporting any St. Clair County area witnesses to Franklin County if the case were transferred.

◼ In addition, a transfer might entail greater cost and inconven-

ience to the parties' attorneys. All of the lawyers representing defendants have their offices in or near St. Clair County. The Diocese itself is represented by a law firm from St. Louis, Missouri, which has a satellite office in Belleville, St. Clair County. The lawyers for defendant SFB are from Belleville, while counsel for defendant Korte have their offices in Edwardsville, Madison County. Ironically, only plaintiff now has local counsel in Franklin County, in addition to an attorney from Belleville, and there is nothing in the record to indicate that defendants plan to retain Franklin County counsel if the case is moved. A trial in Franklin County could therefore require travel time and expenses for counsel substantially in excess of those necessary for a trial in St. Clair County. At the same time, moving the case to Franklin County would not necessarily reduce the cost or inconvenience relating to depositions, for counsel could still be required to travel from the St. Clair County area to Franklin, Williamson, and Jackson counties to depose the witnesses who reside or do business there. (See 87 Ill. 2d R. 203.) How the precise costs and burdens to counsel and the witnesses would compare on balance if the case were tried in Franklin County instead of St. Clair County cannot be ascertained from the record now before us, for defendant the Diocese has adduced no evidence on the question. Under these circumstances, we cannot say that these factors militate in favor of defendants' desired forum. See *Bland v. Norfolk & Western Ry. Co.* (1986), 140 Ill. App. 3d 862, 866, 489 N.E.2d 435, 438, *leave to appeal granted* (1986), 112 Ill. 2d 557; *Snook v. Lake Forest Hospital* (1985), 133 Ill. App. 3d 998, 1002, 479 N.E.2d 994, 997.

Defendant the Diocese does not contend that a transfer to Franklin County is necessary because it cannot obtain a fair trial in St. Clair County. Although it now asserts that the court docket in St. Clair County is more congested than that in Franklin County, the only reference to this argument at trial was contained in defendant Korte's motion to transfer. That motion alleged that this case would have had a lower docket number had it been filed in Franklin County and that the "average time to have a case called for trial in St. Clair County is well over two years." None of the defendants however, including the Diocese, offered any proof in support of these claims. The Diocese's present argument is based exclusively on a discussion by our supreme court in *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 373, 456 N.E.2d 98, 104, which observed that the number of cases filed in St. Clair County increased substantially from 1975 to 1980, and that the average time lapse between the filing of a complaint and entry of the verdict in law jury cases tried there increased from 29.5 months in 1975 to 38.4 months in 1980. While these statistics are now six years

old, we cannot dispute that court congestion remains a problem in St. Clair County. Nevertheless, the trial court here evidently did not believe it to be so great a problem as compared with Franklin County that a transfer should be ordered. Because that court was in a better position than this tribunal to assess the burdens on its own docket, and because no evidence was presented regarding current docket conditions in either St. Clair or Franklin counties, we will not second-guess its judgment.

■ The final factor to be considered is the convenience of the parties. Plaintiff lived in Benton, Franklin County, at the time of the accident, but his answers to interrogatories state that he now resides in Elgin, Illinois, which is northwest of Chicago, while his spouse lives in Tracy City, Tennessee. Although plaintiff is thus not from St. Clair County, his decision to file his action there indicates that he believes it to be a sufficiently convenient forum.

Defendant the Diocese correctly observes that a plaintiff's choice of forum should be accorded less deference when he does not reside there. (See *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 378, 444 N.E.2d 157, 162.) As our previous discussion has shown, however, the Diocese, which maintains its offices in St. Clair County, has failed to adduce adequate proof that this forum will be unduly burdensome or inconvenient to it.

While a different result could arguably have been reached on the limited facts of this case, the question is not whether a reviewing court would have weighed the factors differently or would have resolved the issue as did the trial court. The only concern on review is whether the trial court's decision constituted an abuse of discretion. (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 378, 444 N.E.2d 157, 163.) We find nothing in the record to indicate that the trial court here misapplied the law or ignored any of the evidence presented to it. Under these circumstances, we cannot say that the trial court abused its discretion in denying the Diocese's motion.

For the foregoing reasons, the July 24, 1985, order of the circuit court of St. Clair County denying the motion of defendant the Diocese to transfer this cause to Franklin County is affirmed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed and remanded.

KASSERMAN, P.J., and WELCH, J., concur.