HOWARD L. BAKER, Plaintiff-Respondent, v. BURLINGTON NORTH-ERN RAILROAD COMPANY *et al.*, Defendants-Petitioners.

Fifth District No. 5—86—0223

Opinion filed November 21, 1986.

JONES, J., dissenting.

Robert P. Schmidt, of St. Louis, Missouri, for appellant Burlington Northern Railroad Company.

John W. Hoefert and John W. Hoefert, Jr., both of Law Offices of John W. Hoefert, of Alton, for appellant Illinois Central Gulf Railroad Company.

David J. Mullett, of Morris B. Chapman & Associates, Ltd., of Granite City, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Howard L. Baker, filed an action in the circuit court of Madison County to recover damages for personal injuries he sustained in two separate accidents which occurred while he was employed by defendant Burlington Northern Railroad Company (Burlington Northern) as a train conductor. Plaintiff's complaint is in three counts. Counts I and II, directed against defendant Burlington Northern, arise under the Federal Employers' Liability Act (45 U.S.C.A. sec. 51 *et seq.* (West 1972)). Count III, directed against defendant Illinois Central Gulf Railroad (Illinois Central) sounds in negligence. Following preliminary discovery, defendants filed a joint motion to dismiss or to transfer the action under the doctrine of *forum non conveniens.* Defendants' motion was denied by the circuit court in an order dated March 14, 1986. This court then granted defendants' petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (94 Ill. 2d R. 306(a)(1)(ii)), and the sole issue now before us is whether the circuit court abused its discretion in refusing either to dismiss plaintiff's action or transfer it to another, more convenient forum. We affirm and remand for further proceedings.

Plaintiff's complaint alleges that he was injured on December 30, 1982, "while getting off a train operated by defendant Burlington Northern *** at or near its office in or about Centralia, [Marion County,] Illinois," and that his injuries were the result of Burlington Northern's having committed one or more of the following acts or omissions:

"(a) Negligently and carelessly failed to provide Plaintiff with a reasonably safe place to work;

(b) Negligently and carelessly failed to stop its train for employees including the Plaintiff to be allowed to get off;

(c) Negligently and carelessly failed to maintain its roadbed in a reasonably safe condition." Count I.

The complaint further alleges that on or about May 24, 1984, plaintiff sustained additional injuries when "the train upon which he was riding [as a conductor for Burlington Northern] was thrown into emergency throwing him about the caboose." According to the complaint, those injuries were caused because defendant Burlington Northern:

"(a) Negligently and carelessly failed to provide Plaintiff with a reasonably safe place to work;

(b) Negligently and carelessly failed to warn Plaintiff of the immediate and violent stopping of its train;

(c) Negligently and carelessly operated its train in close proximity of its interlock with the Illinois Central Gulf Railroad Company;

(d) Negligently and carelessly failed to keep proper lookout for other trains near or at its interlock." Count II.

Finally, the complaint alleges that the emergency stop of the train which caused plaintiff's injuries on May 24, 1984, resulted from defendant Illinois Central's having:

"(a) Negligently and carelessly operated its truck equipment at or near the Illinois Central Gulf Railroad Company/Burlington Northern Railroad Company interlock without proper lookout for other trains;

(b) Negligently and carelessly failed to warn of its operation near the interlock to the Burlington Northern Railroad Company;

(c) Negligently and carelessly caused the signal to be activated at the interlock;

(d) Negligently and carelessly failed to obey its own signals of [sic] the safety of others." (Count III.)

There is no dispute that the May 24, 1984, accident occurred at

Christopher, Franklin County, Illinois. Plaintiff is a resident of Centralia, Marion County, Illinois. Defendants admit that Burlington Northern "operates, maintains and owns certain equipment, right-of-way and facilities for doing business" in Madison County, and that Illinois Central "does business in Madison County."

Answers to interrogatories and affidavits on file reveal that plaintiff received medical treatment for the injuries at issue in this case from a doctor in Madison County and that he was twice examined in connection with those injuries by a doctor from St. Louis County, Missouri, which is adjacent to Madison County. Plaintiff was also examined and treated by three doctors from Franklin County and two doctors from Jefferson County. Jefferson County is situated directly between Franklin and Marion counties, where the two accidents took place.

The persons identified as having knowledge pertaining to the December 30, 1982, accident, aside from plaintiff, include two individuals from Marion County; one from Jefferson County; one from Washington County, which is adjacent to the western border of Jefferson County and one county away from Madison County; and one from Adams County, which is located at the western tip of the State, northwest of Madison County. Each of these individuals is identified as an employee of defendant Burlington Northern.

An affidavit submitted by a claims agent for defendant Illinois Central concerning the May 24, 1984, accident lists several categories of witnesses who "will probably be required to be present at trial." These witnesses, and their places of residence, include: (a) members of the Illinois Central crew allegedly responsible for causing plaintiff's injuries (two from Jackson County, one from Perry County, and one from Randolph County); (b) members of the Burlington Northern train crew (three from Marion County, one from Williamson County); (c) other employees of Burlington Northern who were riding the same train as plaintiff (two from Knox County, which is situated in the north-central part of the State); (d) employees of Burlington Northern to whom plaintiff reported the accident (one from Franklin County and one from Marion County); (e) trainmasters who had conversations with plaintiff regarding how the accident happened (one from Nebraska, one from Kansas City, Missouri); (f) claims agents for Burlington Northern who investigated the accident (one from Knox County, one from Nebraska); (g) a claims agent for Illinois Central who investigated the accident (from St. Clair County, which is adjacent to Madison County); and (h) employees of Burlington Northern who inspected the train involved in the accident (two from Marion County, one from

Adams County). The three Burlington Northern employees included in this latter group are also among the five witnesses identified in connection with the December 30 accident.

Plaintiff is represented by a law firm which maintains its offices in Granite City, Madison County, Illinois. Defendant Burlington Northern's counsel is from St. Louis, Missouri. The lawyers for defendant Illinois Central are from Alton, Madison County, Illinois, but an affidavit submitted to the trial court states that they will withdraw from the case if transfer to another forum is ordered.

In their motion to dismiss or to transfer the action to a more convenient forum, defendants requested that the circuit court exercise its "inherent power to decline to hear the present case on the grounds of the legal doctrine of *forum non conveniens*," asserting that "the Circuit Court of the Second Judicial Circuit, Franklin County, Illinois, or the Circuit Court of the Fourth Judicial Circuit, Marion County, Illinois, are more convenient forums" for the trial of this action. Defendants' motion was denied, and the order denying their motion is now before us for review.

■ That the doctrine of *forum non conveniens* applies intrastate is now well established. (See *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112; *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601.) In ruling on motions to transfer venue or dismiss based on intrastate *forum non conveniens*, a court must consider the following factors: the availability of an alternative forum, the accessibility of witnesses, the access to sources of proof, the relative advantages and obstacles to obtaining a fair trial, the congestion of the court dockets, and the convenience of the parties. (*Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 119.) Unless these factors strongly favor the defendant, the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when venue is proper. 113 Ill. 2d 112, 119.

■ Each case must be considered as unique on its facts. (*Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 566, 494 N.E.2d 1206, 1207.) Whether a *forum non conveniens* motion should be granted or denied rests with the sound discretion of the trial court. (144 Ill. App. 3d 564, 566, 494 N.E.2d 1206, 1207.) In reviewing the trial court's decision, we are not concerned with whether the trial court exercised its discretion wisely, but only with whether its discretion has been abused. (*Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 503-04, 490 N.E.2d 694, 699.) Accordingly, the trial court's decision will be set aside "only if it is shown that the court abused its discretion in weighing the relevant considerations."

(*Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 118.) We find no such abuse here.

There is no dispute that venue would be proper in Madison, Marion or Franklin counties. (See Ill. Rev. Stat. 1985, ch. 110, pars. 2—101, 2—102.) Alternative *fora* are therefore available. No claim has been made by any party that a fair trial could not be obtained in any of these locales. With respect to the congestion of court dockets, defendants cite the 1983 Annual Report to the Supreme Court of Illinois, which shows the average time lapse for actions seeking damages in excess of $15,000 (as this one does) to be as follows:

| County | Time |
| --- | --- |
| Franklin | 15.4 months |
| Madison | 37.2 months |
| Marion | 51.3 months |

These figures suggest that cases are processed much more expeditiously in Madison County, plaintiff's chosen forum, than in Marion County, but significantly slower in Madison County than in Franklin County. This factor thus appears to favor Franklin County. We note, however, that while our supreme court has found the Annual Report to be a proper source of reference in assessing court congestion (see *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 122), the data it contains are not dispositive of the matter. Those data are now nearly three years old. Although we have no doubt that cases still take longer to try in Madison than in Franklin County, no evidence has been presented by which current docket conditions in the two jurisdictions can be compared. Evidently the trial court here did not believe at the time it made its ruling that court congestion was such a problem in Madison County as compared with Franklin County that venue should be changed. That court was in a better position than this tribunal to assess the burdens posed by its own docket. (See *Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 570, 494 N.E.2d 1206, 1209.) We will not second-guess its judgment.

Access to sources of proof does not strongly favor defendants' suggested *fora* over Madison County. The record indicates that a considerable amount of documentary evidence has already been produced, and defendants do not claim that a change in venue will in any way facilitate the acquisition of whatever relevant records and reports remain to be discovered. Defendants' principle contention with regard to accessibility of proof is that allowing the case to remain in Madison County will render impractical a view of the accident scenes by the jury. Plaintiff disputes that a view of these locations is necessary or

proper, given the nature of the accidents and the passage of time since their occurrence, and suggests that "such a viewing might well constitute reversible error." We need not reach the merits of this evidentiary question, however, for even if a jury inspection of the accident sites were appropriate, we could not say that the present forum should be changed.

Because this case involves two separate accidents which took place in two separate, noncontiguous counties, no single forum can be selected which will eliminate the need to travel across county lines if a jury viewing is permitted. Defendants represent that the distance from Edwardsville, where the case would be tried if it remained in Madison County, to Centralia, where the first accident took place, is 76 miles, and that the distance from Edwardsville to Christopher, where the second accident happened, is 127 miles. Although we are not told how far it is from the courthouse in Marion County to Christopher or from the courthouse in Franklin County to Centralia, we estimate these respective distances to each be in the neighborhood of 50 miles. In our view, this proximity, in itself, is not so much closer as to strongly militate in favor of Marion County or Franklin County and against Madison County. If transporting a jury 50 miles is practical, we cannot see why moving them up to 127 miles is not.

Accessibility of witnesses likewise does not strongly favor the alternative *fora* suggested by defendants. As our summary of the evidence has shown, one of the seven possible medical witnesses is from Madison County and a second is from a Missouri county directly across the Mississippi River from Madison County. Defendants suggest that none of the remaining five will be able to testify if trial is held other than in Franklin or Marion counties. We note, however, that none of the five are from Marion County. If trial were held there, all seven of the medical witnesses would therefore have to travel out of their counties to appear to give live testimony. Although the burden of the five witnesses not from Madison County or St. Louis County would no doubt be less, we believe that if those witnesses could travel to the Marion County courthouse for trial from Franklin County and Jefferson County, where they reside, then they could also be brought to the Madison County courthouse without undue additional hardship.

In terms of medical witnesses, the most convenient forum, would, on balance, appear to be Franklin County. The same cannot be said of the remaining witnesses, 22 in all (excluding plaintiff). Of these, only one is from Franklin County and six are from Marion County. By contrast, three are from States west of Illinois and four are from the central and northern parts of the State. For these seven witnesses, as

with the witness from St. Clair County, Madison County would seem to be the most accessible forum. The other seven witnesses come from six different counties: one of these counties is in between Marion County and Franklin County, three are contiguous with only Franklin County, one borders Marion County near Centralia, and the last is apparently equidistant between Madison County and Franklin County. Given this geographical disbursement, no single county can be said to clearly predominate in terms of providing witness accessibility.

All of the witnesses who reside in Illinois, including those who are from Marion County and Franklin County and the areas nearby can, of course, be subpoenaed to testify at trial in Madison County. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—1101.) Moreover, most, if not all, of the 22 nonmedical witnesses appear to be in defendants' employ. Defendants are each in the transportation business. Their operations extend across county and State lines, and the employees involved here, who include members of train crews, trainmasters and claims agents, are apparently called upon to travel in the normal course of business over distances comparable to what would be required if the trial were allowed to proceed in Madison County. For all the foregoing reasons, the notion that a change in forum is necessary to insure witness accessibility is unpersuasive.

In addition, moving the case from Madison County might result in additional cost and inconvenience to the parties' attorneys. Although defendant Illinois Central's counsel represent they will withdraw if a transfer is ordered, we are not told what arrangements Illinois Central proposes to make to secure substitute representation. As previously noted, plaintiff's attorneys are from Madison County, and defendant Burlington Northern's attorney is from a Missouri county neighboring Madison County. Nothing in the record suggests that they will similarly withdraw in the event of a transfer, and we must assume that present counsel for these parties will be retained regardless of where the case is tried. (See *Bland v. Norfolk & Western Ry. Co.* (1986), 140 Ill. App. 3d 862, 866, 489 N.E.2d 435, 438, *appeal allowed* (1986), 112 Ill. 2d 557.) Trial of the case in Marion County or Franklin County could therefore entail travel time and expenses for the lawyers in excess of those necessary for trial in Madison County. At the same time, transferring the case to Marion County or Franklin County would not necessarily reduce the cost or inconvenience of depositions, for counsel could still be required to travel from the Madison County area to the various counties where the witnesses reside or transact business in order to conduct their depositions. (87 Ill. 2d R. 203; *Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App.

3d 564, 569, 494 N.E.2d 1206, 1209.) No witness has yet been deposed by any party.

The final factor to be considered is the convenience of the parties. While plaintiff is from Marion County, his decision to bring suit in Madison County indicates that he believes it to be a sufficiently convenient forum. We agree that a plaintiff's choice of forum should be accorded less deference when he does not reside there. (*Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 570, 494 N.E.2d 1206, 1210.) Nevertheless, as our previous discussion suggests, we do not believe that defendants have adequately shown that this forum will be unduly burdensome or inconvenient to them. The burden was on defendants to provide a record showing entitlement to the relief sought. (*Bland v. Norfolk & Western Ry. Co.* (1986), 140 Ill. App. 3d 862, 865, 489 N.E.2d 435, 437, *appeal allowed* (1986), 112 Ill. 2d 557.) They have failed to meet this burden.

In their brief, defendants argue that Franklin County is the "more logical choice" for the trial of this case. That may be so. As this court recently noted, however:

> "While a different result could arguably have been reached on the limited facts of this case, the question is not whether a reviewing court would have weighed factors differently or would have resolved the issue as did the trial court. The only concern on review is whether the trial court's decision constituted an abuse of discretion." (*Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 570, 494 N.E.2d 1206, 1210.)

For the reasons set forth above, we find no abuse of discretion here. Accordingly, the order of the circuit court of Madison County denying defendants' motion to dismiss or to transfer the action is affirmed, and plaintiff's cause is remanded for further proceedings consistent with this opinion.

Affirmed and remanded.

WELCH, J., concurs.

JUSTICE JONES, dissenting:

In true Horatio Alger fashion, the plaintiff has left his home—and his peers—to seek his fortune elsewhere. With gossamer threads of justification, the majority has draped about the necks of the citizens and taxpayers of Madison County yet another case that has no connection whatsoever with Madison County. In my judgment the people

of Madison County are being ill-used by the very judicial system that was designed to serve them. They must now shoulder the burden for this case with which they have no concern or interest whatsoever. More importantly, their own cases must languish markedly, untried and untended, while cases such as this one shoulder theirs aside.

The plaintiff in this case is not a mere vagabond litigant who wanders about willy-nilly, wavering in indecision between this jurisdiction or that. Rather he has taken in deliberate fashion what has become a well-worn path carved by plaintiffs en route to filing their cases in Madison County. As with most of the alien cases filed in Madison County, it appears that the "factors favoring the plaintiff" were generated after, or at least in contemplation of, the filing of the case in that county.

The majority devotes considerable effort to the comparison of distances involved in the travel of witnesses and parties to the possible trial sites and concludes, in effect, that, as long as you are in your car and traveling, it is little burden to go the extra distance that would be involved in traveling to the plaintiff's chosen place of trial.

To give credence to its result, the majority sets forth in a table the relative time-lapse-to-trial figures for the three counties involved for the year 1983. However, close examination of the figures contained in the statistical report of the Administrative Office for that and subsequent years reveals the comparison to be meaningless and irrelevant to the issue of court congestion. A more complete table yields a far greater insight:

| County | No. of law jury cases over $15,000 | No. of Law jury cases under $15,000 | Time |
|--------|------------------------------------|-------------------------------------|------|
| 1983 | | | |
| Franklin | 3 | 0 | 15.4 |
| Marion | 5 | 0 | 51.3 |
| Madison | 74 | 19 | 37.2 |
| 1984 | | | |
| Franklin | 3 | 0 | 37.1 |
| Marion | 9 | 1 | 28.4 |
| Madison | 62 | 60 | 35.2 |
| 1985 | | | |
| Franklin | 5 | 0 | 24.6 |
| Marion | 4 | 0 | 49.1 |
| Madison | 43 | 12 | 37.8 |

The 1984 Annual Report of the Administrative Office of Illinois Courts has now been published. Although the statistics for the year

1985 are not yet published, they are a part of the records and reports of the Court Administrative Office and are available upon inquiry.

Because of the very small number of cases tried in Franklin and Marion counties for the years in question, the creation of an average time-lapse for the time-to-trial for law jury cases produces only an aberration, not a figure that is meaningful for determining the extent of court congestion. The trial load in Franklin and Marion counties is such that any attorney wanting his case tried could have it tried by so moving. There is no wait to be attributable to congestion. It is thus seen that any comparison of the "delay" in the three counties is meaningless. Only in Madison County is the delay to be attributed to court docket congestion. The figures of 37.2 months for 1983, 35.2 months for 1984 and 37.8 months for 1985 reflect genuine delay that results from congestion.

The result here is the more unfortunate because the litigation over *forum non conveniens* issues do not reach, or even touch upon, the merits of the case. It is merely litigation regarding the place where the litigation will occur. It is a great waste of time, money, and judicial and court resources. If this were an isolated case, it would not be an affront to any part of the court system. Unfortunately, it is anything but an isolated case—it is one of a burdensome many.

For the foregoing reasons, and the reasoning and citations contained in my dissent in *Bland v. Norfolk & Western Ry. Co.* (1986), 140 Ill. App. 3d 862, 489 N.E. 2d 435, I respectfully dissent.