JERRY DAIBER *et al.*, Plaintiffs-Appellees, v. MONTGOMERY COUNTY MUTUAL FIRE INSURANCE COMPANY *et al.*, Defendants (Terry Duncan, Defendant-Appellant).

Fifth District   No. 5—87—0805

Opinion filed November 17, 1989.

William J. Knapp, of Burroughs, Simpson, Hepler & Broom, of Edwardsville, for appellant.

Charles R. Douglas, of Granite City, for appellees.

JUSTICE HOWERTON delivered the opinion of the court:

Lawyers claim that the venue act is dead, killed by *forum non conveniens*.

We do not believe it.

No matter how limply venue may languish on the cross of *forum non conveniens*, it lives still. At least we think so and we believe that rumors amongst lawyers of its death have been greatly exaggerated. See Ill. Rev. Stat. 1987, ch. 110, par. 2—101 *et seq.*

Plaintiffs live in Bond County. They bought insurance from defendants. It covered their house. The insurance was bought in Madison County. Defendants' principal place of business is in Montgomery County. Plaintiffs' house burned. The insurance company refused to pay, because they claimed the fire was suspicious. Plaintiffs filed suit in Madison County.

Defendants moved to transfer venue to either Bond or Montgomery County.

Madison, Bond and Montgomery Counties adjoin one another.

Edwardsville is the county seat of Madison, Greenville the county seat of Bond, and Hillsboro the county seat of Montgomery.

It is 28 miles from Edwardsville to Greenville.

It is 38 miles from Edwardsville to Hillsboro.

This means it is very nearly 28 minutes from Edwardsville to Greenville, and 38 minutes from Edwardsville to Hillsboro.

Defendants say it is more convenient to try the case in Greenville or Hillsboro.

Illinois judicially created *forum non conveniens*.

■ There are two types of *forum non conveniens*: (1) interstate; and (2) intrastate. *Peterson v. Monsanto Co.* (1989), 181 Ill. App. 3d 677, 678, 537 N.E.2d 1030, 1031.

Under interstate *forum non conveniens*, Illinois courts may decline jurisdiction if it is more convenient to try the case in another State.

Under intrastate *forum non conveniens*, one court in Illinois may transfer a case to another Illinois court, if it is more convenient to try the case in the other Illinois court.

This is an intrastate *forum non conveniens* case.

Intrastate *forum non conveniens* presupposes that Illinois has

jurisdiction, and presupposes that venue may be properly laid in more than one county. *Weiser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98.

Application for *forum non conveniens* is appropriate when it is more convenient to try the case in a county other than the one in which it was initially filed.

The movant must make some showing, therefore, that another forum is more convenient. *Baker v. Burlington Northern R.R. Co.* (1986), 149 Ill. App. 3d 674, 682, 500 N.E.2d 1113, 1119-20.

■ We cannot see how such a showing can be made in these circumstances.

A grant or denial of a *forum non conveniens* motion is reviewed by an abuse of discretion standard. *Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 566, 494 N.E.2d 1206, 1207.

Abuse of discretion means clearly against logic. (Black's Law Dictionary 25 (4th ed. 1957).) This court, therefore, is asked to decide whether the circuit court acted illogically in refusing to transfer the case from Madison to either Bond or Montgomery County.

The initial focus of *forum non conveniens* is inconvenience. We believe that it is most difficult to demonstrate inconvenience when the alternative forum adjoins the county in which venue otherwise properly was laid. We hold that defendants did not show that Madison County was inconvenient.

The circuit court did not abuse its discretion when it refused to move this trial to an adjoining county.

The circuit court is affirmed.

Affirmed.

GOLDENHERSH, and CHAPMAN, JJ., concur.