JANE A. BISHOP *et al.*, Plaintiffs-Appellants, v. ROCKWELL INTERNATIONAL CORPORATION *et al.*, Defendants-Appellees.

Fifth District No. 5—89—0114

Opinion filed February 16, 1990.

William W. Schooley, of Law Offices of William W. Schooley, of Granite City, for appellants.

Churchill & McDonnell, of Belleville (Allen D. Churchill and Joseph M. Leberman, of counsel), for appellee R and R Decorators, Inc.

Michael Reda, of Evans & Dixon, of Edwardsville, for appellee Rockwell International Corporation.

David A. Bloch, of Bernard & Davidson, of Granite City, for appellee Lipps Construction Company.

Daniel L. Schmidt, of Shepherd, Sandberg & Phoenix, P.C., of St. Louis, Missouri, for appellee Pre-Fab Sheeting Erectors.

PRESIDING JUSTICE LEWIS delivered the opinion of the court:

The plaintiffs, Jane A. Bishop, Russell Keith Bishop, Crystal Bishop Hefner, John Paul Burge and Christopher E. Burge, brought an action in St. Clair County against the defendants, Rockwell International Corporation, Lipps Construction Company, Pre-Fab Sheeting Erectors and R and R Decorators, Inc., to recover damages for the death of Russell H. Bishop, spouse of Jane A. Bishop, which resulted from an alleged violation of the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*) by the defendants. Each of the defendants separately moved to transfer the action under the doctrine of *forum non conveniens*, and the trial court granted the motions to transfer. This court granted plaintiff's petition for leave to appeal under Supreme Court Rule 306(a)(1)(ii) (107 Ill. 2d R. 306(a)(1)(ii)). The sole issue presented to this court is whether the trial court abused its discretion in granting the defendants' motions for transfer.

The plaintiffs' complaint alleged that Russell Bishop was killed on a construction project while he was tightening bolts while standing on a man-lift or crane. The complaint was in four counts and alleged that each of the defendants, in different counts, was liable under the Structural Work Act.

In each of the defendants' motions to transfer this case from St. Clair County to Marion County under the doctrine of *forum non conveniens*, the defendants had conceded venue. However, before the trial court and on appeal, the defendants argue that St. Clair County has no relevant connection with the plaintiffs' suit, that Marion County has a greater number of relevant connections and that the case can be more conveniently tried in Marion County. The plaintiffs maintain that there are no strong factors for any particular county; that there is a balance of accessibility for witnesses and that this, combined with plaintiffs' right to choice of venue, mandates the rever-

sal of the trial court's order.

The record before the trial court consisted of affidavits, memoranda and arguments concerning connections and convenience. This record reflects that the situs of the accident was the Rockwell facility in Marion County and that Russell Bishop was pronounced dead at St. Mary's Hospital in Centralia, Illinois, Marion County. The inquest of Bishop's death was held by the Marion County coroner, and the accident was investigated by the Marion County authorities. Most of the witnesses live in Marion County and the surrounding counties. The large platform crane upon which Bishop's accident occurred is stored in Marion County. The owner of the equipment, one of the defendants, is located in Marion County, and another of the defendants has its place of business in Marion County. The evidence before us shows that there is a greater congestion of cases on the court's docket in St. Clair County than in Marion County. The plaintiffs live in Jefferson County, which is adjacent to Marion County, as did the deceased. Plaintiffs maintain that the list of witnesses shows addresses from numerous counties, and the trial court, in its order, gave the defendants an option as to which county they desired this case transferred. While the trial court did not specify a particular county in its order for transfer, it appears from the record that most of the witnesses and parties were in either Marion or Jefferson Counties.

■ On the issue of intrastate *forum non conveniens*, the case of *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291, is instructive. The *Bland* case sets forth the law in this field. *Bland* dictates that broad discretion is vested in the trial court in determining whether particular circumstances require transfer of a cause under *forum non conveniens*, but that a court's decision can be reversed on review if it can be shown that the court abused its discretion in deciding this issue as it did. *Bland* states that the following factors are to be considered by the trial court in deciding a *forum non conveniens* motion:

"Factors relating to the private interests of the litigants include the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' [Citations.]

Public factors relevant here include the administrative difficulties flowing from court congestion; 'a local interest in having localized controversies decided at home'; and the unfairness of

burdening citizens in an unrelated forum with jury duty. [Citations.]" *Bland*, 116 Ill. 2d at 224, 506 N.E.2d at 1294.

Whether a *forum non conveniens* motion should be granted or denied rests within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of discretion. (*Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 494 N.E.2d 1206.) Thus, on review of a trial court's decision regarding a *forum non conveniens* motion, the question is not whether a reviewing court would have weighed the factors differently or would have resolved the issue as the trial court did, but is whether the trial court's decision constitutes an abuse of discretion. *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 497 N.E.2d 745; *Darnell*, 144 Ill. App. 3d 564, 494 N.E.2d 1206.

▪ The supreme court went on in *Bland* to state:

"*Forum non conveniens* is an equitable doctrine. It presupposes the existence of more than one forum with jurisdiction over the parties and the subject matter. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 112.) Under the doctrine, a court may decline to exercise jurisdiction of a case whenever it appears that there is another forum with jurisdiction of the parties in which trial can be more conveniently had. *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514; *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 76.

In deciding whether the doctrine applies, a court must balance private interest factors affecting the convenience of the litigants and public interest factors affecting the administration of the courts. See *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843." *Bland*, 116 Ill. 2d at 223-24, 506 N.E.2d at 1294.

▪ In the instant case the trial court granted the defendants' motions rather than denying them. Although most of the cases come up under the latter situation, we conclude that the rule of law on abuse of discretion is applicable whether the motion is denied or granted. Certainly, under the facts in this case the trial court did not abuse its discretion.

In connection with the public interest factors, particularly those which relate to the administration of the courts, the courts have long held that the trial court is in a better position to assess the burden posed by its own docket, and we will not second-guess its judgment. *Baker v. Burlington Northern R.R. Co.* (1986), 149 Ill. App. 3d 674,

679, 500 N.E.2d 1113, 1118; *Darnell*, 144 Ill. App. 3d 564, 494 N.E.2d 1206.

The doctrine of *forum non conveniens* permits a court to decline to exercise jurisdiction over a case properly before it where there appears to be another forum that could better serve the convenience of the litigants and promote the ends of justice. It is not our duty to reweigh the various factors set forth in *Bland,* but merely to determine whether or not the trial court abused its discretion in granting the motions. We find that the trial court did not abuse its discretion in granting the defendants' motions to transfer this action.

We therefore affirm the judgment of the trial court and remand for further proceedings consistent with this opinion.

Affirmed and remanded.

HOWERTON and GOLDENHERSH, JJ., concur.