JACOB L. WASHINGTON, SR., Adm'r of the Estate of Jacob L. Washington, Jr., Deceased, *et al.*, Plaintiffs-Appellees, v. ILLINOIS POWER COMPANY, Defendant-Appellant.

Fifth District   No. 5—88—0084

Opinion filed July 9, 1990.

LEWIS, P.J., dissenting.

Gordon R. Broom, of Burroughs, Simpson, Hepler, Broom & Mac-Donald, of Edwardsville, for appellant.

Howard B. Becker, of St. Louis, Missouri, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Illinois Power Company, appeals from an order of the circuit court of Madison County denying its motion to transfer for intrastate *forum non conveniens*. In this cause, defendant argues that the circuit court abused its discretion. We affirm.

On July 31, 1987, 11-year-old Jacob Washington, Jr., climbed the tree in his front yard in Mulberry Grove, Bond County. He came into contact with an uninsulated electrical line containing 7,200 volts of electricity and was electrocuted. Plaintiff, Lillie Washington, witnessed the electrocution, but could not save her son. In November 1987, plaintiff, Jacob L. Washington, Sr., as administrator of the estate, and his wife, Lillie, brought suit in Madison County alleging wrongful death and for the alleged damages due to the psychological and emotional harm sustained by Jacob's mother.

In December 1987, defendant filed a motion for change of venue to a more convenient forum. Defendants requested that the case be transferred from Madison to Bond County. The motion recited a number of facts which defendant believed made Bond County more convenient, pointing out (1) that the incident occurred in Bond County and it would be difficult for the jury to view the scene if tried in Madison County, (2) the congestion of the Madison County docket, and (3) plaintiffs and all witnesses live in Bond County. Plaintiff responded with a brief in opposition to the motion and the affidavits of nine witnesses who testified that they would travel to Edwardsville, county seat of Madison County, to testify on behalf of plaintiffs and would do so without subpoena. In its order of January 22, 1988, the circuit court denied defendant's motion.

■ The law is well settled that the circuit court is afforded very broad discretion in determining whether particular circumstances warrant a transfer of a cause under the doctrine of *forum non conveniens*. That court's decision will be reversed on review only upon showing that,

in deciding as it did, the court clearly abused that discretion. (*Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266; *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 511-12, 91 L. Ed. 1055, 1064, 67 S. Ct. 839, 844-45; *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223, 506 N.E.2d 1291, 1294; *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 117-18, 497 N.E.2d 745, 747; *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 228, 478 N.E.2d 370, 372; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 373, 444 N.E.2d 157, 163; *People ex rel. Compagnie Nationale Air France v. Gilberto* (1978), 74 Ill. 2d 90, 110, 383 N.E.2d 977, 985; *Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 4, 273 N.E.2d 353, 355; *Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606, 229 N.E.2d 536, 539; *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 159, 152 N.E.2d 385, 392; *Whitney v. Madden* (1948), 400 Ill. 185, 190, 79 N.E.2d 593, 595-96; *Bishop v. Rockwell International Corp.* (1990), 194 Ill. App. 3d 473, 475, 551 N.E.2d 690, 692; *Daiber v. Montgomery County Mutual Fire Insurance Co.* (1989), 191 Ill. App. 3d 566, 568, 548 N.E.2d 17, 19, citing *Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 566, 494 N.E.2d 1206, 1207.) The question before us, therefore, is not whether we would have weighed the factors differently or would have resolved the issue as the trial court did, but whether the trial court's decision constitutes an abuse of discretion. *Bishop v. Rockwell International Corp.*, 194 Ill. App. 3d at 476, 551 N.E.2d at 692, citing *Meyers*, 113 Ill. 2d 112, 497 N.E.2d 745, and *Darnell*, 144 Ill. App. 3d 564, 494 N.E.2d 1206.

■ Abuse of discretion means clearly against logic. (*Daiber*, 191 Ill. App. 3d at 568, 548 N.E.2d at 19.) The question is not whether the appellate court agrees with the circuit court, but whether the circuit court acted arbitrarily, without employing conscientious judgment, or whether in view of all of the circumstances, the court exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted. *In re Marriage of Aud* (1986), 142 Ill. App. 3d 320, 326, 491 N.E.2d 894, 898.

■■ In *Torres v. Walsh* (1983), 98 Ill. 2d 338, 346, 456 N.E.2d 601, 605, citing *Gulf Oil*, our supreme court, in establishing intrastate *forum non conveniens*, stressed that the doctrine of *forum non conveniens* is a discretionary power which should be exercised only in exceptional circumstances when it has been shown that the interests of justice require a trial in a more convenient forum. The court stated:

"In recognizing the discretion of the trial court *** we hope to promote fair play between plaintiffs and defendants and discour-

age the incessant jockeying for a more sympathetic jury likely to come forward with a more substantial award." (98 Ill. 2d at 351, 456 N.E.2d at 607.)

Defendant has not shown exceptional circumstances here. Nor has it shown the circuit court's order to be clearly against logic. The circuit court did not abuse its discretion.

■ Our supreme court has adopted the balancing of factors test first outlined by the United States Supreme Court in the *Gulf Oil* case. Its significance as a guide has been reiterated numerous times. (*Bland*, 116 Ill. 2d at 229, 506 N.E.2d at 1297; *Meyers*, 113 Ill. 2d at 118, 497 N.E.2d at 747; *Torres*, 98 Ill. 2d at 345-46, 456 N.E.2d at 604-05; *Satkowiak*, 106 Ill. 2d at 228, 478 N.E.2d at 372; *Jones*, 93 Ill. 2d at 372-73, 444 N.E.2d at 160; *Air France*, 74 Ill. 2d at 110-11, 383 N.E.2d at 985; *Cotton*, 14 Ill. 2d at 159-60, 152 N.E.2d at 392-93.) In *Gulf Oil*, the court said:

"Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses.

If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its

origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.

In *Torres*, our supreme court specifically cautioned the circuit courts that unless these factors strongly favor the defendant, the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when venue is proper. *Torres v. Walsh* (1983), 98 Ill. 2d 338, 351, 456 N.E.2d 601, 607.

*Forum non conveniens* is equitable in nature (*Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 121-22, 497 N.E.2d 745, 749); thus, the circuit court must consider all relevant factors equally in exercising its discretion. The courts have not established a rigid rule to govern this discretion because each case must turn on its own facts. "If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable." *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 253, 249-50, 70 L. Ed. 2d 419, 432, 102 S. Ct. 252, 263; *Williams v. Green Bay & Western R.R. Co.* (1946), 326 U.S. 549, 557, 90 L. Ed. 311, 316, 66 S. Ct. 284, 288; *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 499, 490 N.E.2d 694, 696.

The supreme court has held that the plaintiff's selection should receive less weight if it is not his home county or the situs of the accident. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d at 228, 506 N.E.2d 1296 (Macon County or Madison County as appropriate venue if situs and home of plaintiff are in Macon County); *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 490 N.E.2d 694 (Tennessee or Madison County as an appropriate forum for a Merchant Seaman Act case).) As we stated in *Daiber*, it is 28 miles from Edwardsville to Greenville, and the focus of a *forum non conveniens* motion is inconvenience. "We believe that it is most difficult to demonstrate inconvenience when the alternative forum adjoins the county in which venue otherwise properly was laid." (*Daiber*, 191 Ill. App. 3d at 568, 548 N.E.2d at 19 (discussing Madison or Bond County as the appropriate forum).) It is approximately 35 minutes difference between the courthouses in question here. In this age of interstate highways, we fail to see any inconvenience. Furthermore, we fail to see the inconvenience to defendant, which maintains an office in Madison County, and Edwardsville in particular.

■ Concerning the private interest in this cause: (1) the relative ease of proof is no different in Bond or Madison County, (2) the cost of obtaining attendance of witnesses is no different, as the witnesses have sworn by affidavit that they would travel to Edwardsville without subpoena, and (3) the possibility of viewing the premises is relevant only if viewing it would be appropriate to the action. Here, however, the scene has been radically changed in that the tree was removed, but photographs were taken prior to the alteration, (4) there are no apparent practical problems that would make trial of a case easy, expeditious and inexpensive so as to require transfer, and (5) there is no question as to the enforceability of a judgment if one is obtained. The court here weighed the relative advantages and obstacles to a fair trial. We cannot see how, by filing in Madison County instead of Bond County, plaintiff "vexed," "harassed," or "oppressed" defendant by inflicting upon him expense or trouble not necessary to his own right to pursue remedy. Therefore, as *Gulf Oil* said, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should not be disturbed.

■ Concerning public interests, it is appropriate for the circuit court to consider the congestion of court dockets as a factor of public concern (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375, 444 N.E.2d 157, 161), and in doing so, it is proper to notice the annual report of the Administrative Office of the Illinois Courts to the Supreme Court of Illinois. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 230, 506 N.E.2d 1291, 1297; *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 113, 122, 497 N.E.2d 745, 749.) This report, however, does not take into account cases that are settled before trial, and the availability of judicial personnel and facilities. Only a circuit judge who is dealing with his or her docket on a daily basis can truly decide whether the docket would best be served by a transfer. Although this case would have been numbered 87—L—16 in Bond County instead of 87—L—1365 in Madison County, there are more judges and courtrooms in Madison County to handle those cases. Defendant's argument is not persuasive. Furthermore, as we stated in *Bishop*:

> "In connection with the public factors, particularly those which relate to the administration of the courts, the courts have long held that the trial court is in a better position to assess the burden posed by its own docket, and we will not second-guess its judgment." *Bishop*, 194 Ill. App. 3d at 476-77, 551 N.E.2d at 693, citing *Baker v. Burlington Northern R.R. Co.* (1986), 149 Ill. App. 3d 674, 679, 500 N.E.2d 1113, 1118, and *Darnell*, 144 Ill. App. 3d 564, 494 N.E.2d 1206.

■ There is a local interest in having localized controversies de-

cided at home. In this case, however, it is not unreasonable to say that because defendant provides electrical power to both counties, both have an interest in the controversy. Further, in cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by reports only. As the two counties are adjacent, this factor weighs for both.

◼ The only factor which really weighs in favor of transfer is jury duty. As the court stated in *Gulf Oil*, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." (*Gulf Oil*, 330 U.S. at 508-09, 91 L. Ed. at 1062, 67 S. Ct. at 843.) This factor involves 12 persons called for jury duty as a part of a larger group, with perhaps alternate jurors, and payments that are relatively insignificant in a county the size of Madison County.

Reviewing all of the factors of *Gulf Oil*, it is apparent that the circuit court's order is clearly not against logic. The circuit court did not act arbitrarily, but, rather, employed conscientious judgment in its exercise of discretion. In view of all of the facts and arguments presented both orally and in briefs, the circuit court did not exceed the bounds of reason nor ignore recognized principles of law. Defendant did not show exceptional circumstances or that interests of justice require a transfer. It is time to stop the incessant jockeying for a more sympathetic jury likely to come forward with a more sympathetic award as discussed in *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601.

For the foregoing reasons, the order of the circuit court of Madison County is affirmed.

Affirmed.

HOWERTON, J., concurs.

PRESIDING JUSTICE LEWIS, dissenting:
I respectfully dissent.

The events giving rise to this case, the plaintiffs, the witnesses, and the situs have no connection whatsoever with Madison County. There are no private or public interest factors favoring Madison County as a forum. The majority cites all the applicable cases treating *forum non conveniens* but brushes aside the factors developed by these cases and adopted recently in *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291.

In the instant case an 11-year-old boy was killed when, while climbing a tree in his own yard, he came in contact with an uninsulated

power line placed there by the defendant. A wrongful death action was brought as well as his mother's separate cause of action. The situs of the accident was in Bond County; the plaintiffs live in Bond County; the witnesses are from Bond County; the view, if determined necessary, is in Bond County. One doctor lives in St. Louis. The plaintiffs argue that the tree has been cut down and the witnesses have agreed to testify in Madison County. These facts may or may not weaken the connection of Bond County with this case but certainly do not strengthen that of Madison County.

There are really no private interest factors favoring Madison County. With respect to public interest factors, the supreme court in *Bland* has taken notice of the congested dockets of the circuit court of Madison County. Further, in this case Bond County has a clear connection with the case in that the injuries were sustained in Bond County, thereby giving the plaintiffs' claims the aspect "of a localized controversy with a local interest in having the controversy 'decided at home' " *(Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 500, 490 N.E.2d 694, 697).

The majority here emphasizes convenience based on distance between forums. It bolsters this position by reliance upon a recent decision of this court, *Daiber v. Montgomery County Mutual Fire Insurance Co.* (1989), 191 Ill. App. 3d 566, 568, 548 N.E.2d 17, 19, in which was said, "The initial focus of *forum non conveniens* is inconvenience. We believe that it is most difficult to demonstrate inconvenience when the alternative forum adjoins the county in which venue otherwise properly was laid."

This emphasis upon distance violates the dictates of *Bland,* in which the supreme court expressly determined distance to be but one factor of many in the assessment of convenience. No one factor is central. Undue emphasis upon the single factor of distance is improper. With this case and *Daiber* we are coming perilously close to establishing a rule that permits as a forum any adjoining county.

All the factors and connections, both private interest and public, must be balanced. In the instant case the trial court abused its discretion in denying the motion for *forum non conveniens,* and I would reverse.