MARIANNE HOFFMEISTER, Plaintiff-Appellee, v. K MART CORPORATION, Defendant-Appellant.

Fifth District   No. 5—87—0776

Opinion filed April 27, 1989.

William J. Knapp, of Burroughs, Simpson, Hepler & Broom, of Edwardsville, for appellant.

Brad L. Badgley, of Heiligenstein & Badgley, P.C., of Belleville, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

On July 27, 1987, plaintiff, Marianne Hoffmeister, filed a one-count complaint against defendant, K mart Corporation, in the circuit court of St. Clair County. The complaint alleged that on December 31, 1986, plaintiff sustained injuries when she tripped on an entry carpet which was turned up on the edge while shopping in defendant's store in Fairview Plaza, Centralia, Illinois. Centralia is located partially in Clinton County and partially in Marion County.

On September 14, 1987, defendant filed a motion to transfer venue from St. Clair County to either Clinton County or Marion County on *forum non conveniens* grounds. The motion, which is verified, alleges that plaintiff is a resident of the State of Florida; that the only known occurrence witnesses are plaintiff's husband, also a resident of Florida, and plaintiff's son, a resident of Centralia, Marion County; that the K mart store where the plaintiff fell is located in Centralia, Clinton County; that all K mart employees with whom plaintiff had any contact either before or after her fall reside in Clinton County; that plaintiff was examined in the emergency room of St. Mary's Hospital in Centralia, Marion County; that plaintiff's treating physician resides in the State of Florida; that a fair trial could be had in either Marion County or Clinton County; that the judicial backlog of cases is greater in St. Clair County than in Marion County; that trial of the cause in Clinton County would facilitate a jury view of the premises where plaintiff fell; that plaintiff's lawsuit has no connection whatsoever with St. Clair County other than the fact that plaintiff's attorneys have their offices there; and that to try the case in St. Clair County would place an undue burden on its citizens and court system.

On October 16, 1987, plaintiff filed an unverified response to defendant's motion to transfer venue. The response alleges that the county seat of St. Clair County is only 30 to 35 miles from the site of plaintiff's fall; that plaintiff had contact with only one K mart employee regarding her fall, whose address is unknown; that she was not treated, but only examined, at St. Mary's Hospital in Centralia, and that all medical care and treatment has been performed by physicians practicing in the State of Florida; that the judicial backlog in St. Clair

County is not great; that no jury view of the accident site will be necessary; that trial of the cause in St. Clair County would not burden its citizens or court system; and that defendant's motion was filed for the sole purpose of forum shopping.

The trial court denied defendant's motion to transfer venue by order dated October 19, 1987, finding that the facts do not so strongly favor defendant as to defeat plaintiff's choice of forum. Defendant appeals.

■■■ Since the Illinois Supreme Court's decision in *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291, the law in Illinois regarding the doctrine of *forum non conveniens* has been fairly well settled. *Bland* sets forth the various factors to be considered by the trial court in deciding a *forum non conveniens* motion:

> "Factors relating to the private interests of the parties include the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' [Citation.]
>
> Public factors relevant here include the administrative difficulties flowing from court congestion; 'a local interest in having localized controversies decided at home'; and the unfairness of burdening citizens in an unrelated forum with jury duty." (116 Ill. 2d at 224, 506 N.E.2d at 1294.)

All of these factors must be weighed and balanced (*Bland*, 116 Ill. 2d at 225, 506 N.E.2d at 1294), keeping in mind that a plaintiff's right to select a forum is a substantial one. (*Bland*, 116 Ill. 2d at 225, 506 N.E.2d at 1295.) Thus,

> "[u]nless those factors strongly favor the defendant, then the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when venue is proper.
>
> If there are sufficient factors that favor the plaintiff's choice of forum, then the defendant's inconvenience should not be considered, provided venue is proper. For unless the balance strongly favors the defendant, then the plaintiff should be able to exercise his statutory right to choose his forum." (*Bland*, 116 Ill. 2d at 225, 506 N.E.2d at 1295.)

We are mindful that the plaintiff has chosen a forum of which she is not a resident, and therefore her choice is entitled to less deference. (*Bland*, 116 Ill. 2d at 228, 506 N.E.2d at 1296.) However, less deference does not mean no deference, and we must still presume that

plaintiff has chosen the forum because it is convenient to her, especially where she is not a resident of the State of Illinois and her counsel have their offices in the chosen forum. See *Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 569, 494 N.E.2d 1206, 1209.

The limited record we have before us, which consists of plaintiff's complaint, defendant's verified motion, plaintiff's unverified response and the trial court's written order, indicates that the factors do not so strongly favor defendant that plaintiff's choice of forum should be overturned. The party seeking transfer of venue on *forum non conveniens* grounds has the burden of showing that plaintiff's chosen forum will be unduly burdensome or inconvenient to him. (*Baker v. Burlington Northern R.R. Co.* (1986), 149 Ill. App. 3d 674, 682, 500 N.E.2d 1113, 1119-20.) Here, defendant has failed to provide a record showing entitlement to the relief sought.

Looking at the factors involved, the parties do not dispute that alternative fora are available and that venue would be proper in Clinton County. As to access to sources of proof and the availability and cost of obtaining witnesses, the record reveals that only one K mart employee was contacted by plaintiff regarding her fall, and the address of this potential witness is unknown. Of the occurrence witnesses, one, plaintiff's son, resides in Marion County. The other occurrence witnesses, plaintiff and her husband, reside in Florida. Although plaintiff was initially examined after her fall at a hospital in Marion County, all of her medical treatment was provided by physicians in Florida. Further, although defendant argues in its brief that all pertinent business records and reports are located in Clinton County, and that it will be necessary for defendant to produce numerous witnesses from Clinton County, the record does not support this argument. Finally, it is not likely that a jury view of the premises will be appropriate in this case, as plaintiff's complaint alleges that she tripped over an entry carpet with an upturned edge.

We do not think these private interest factors, which relate to the convenience of the parties, so heavily weigh in defendant's favor as to justify a transfer of venue. While some witnesses may reside closer to Clinton County than to St. Clair County, all are accessible in that they are subject to compulsory process. (See *Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 568, 494 N.E.2d 1206, 1209.) Furthermore, a transfer may entail greater cost and inconvenience to the parties' attorneys. (*Darnell*, 144 Ill. App. 3d at 568-69, 494 N.E.2d at 1209.) Plaintiff's attorneys have their offices in St. Clair County, while defendant's attorneys are located in the adjacent County of Mad-

ison. We cannot say that the private interest factors militate in favor of defendant's desired forum.

■ Turning now to the public interest factors, which relate to the administration of the courts, defendant argues that court congestion is much greater in St. Clair County than in Clinton County, citing a 1984 Annual Report of the Administrative Office of the Illinois Courts to the Supreme Court. While court congestion is certainly a factor to be considered, the circuit court of St. Clair County, which denied defendant's motion to transfer venue, apparently did not consider this factor to weigh heavily in defendant's favor. The trial court was in a better position than this court to assess the burden posed by its own docket, and we will not second-guess its judgment. *Baker v. Burlington Northern R.R. Co.* (1986), 149 Ill. App. 3d 674, 679, 500 N.E.2d 1113, 1118.

Defendant also argues that plaintiff's lawsuit has no factual connection to St. Clair County and that St. Clair County has no interest in the litigation. While this is certainly a factor to be considered, it is only one factor, which the trial court apparently found was outweighed by other factors favoring plaintiff's choice of forum.

■■ Whether a *forum non conveniens* motion should be granted or denied rests within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of discretion. (*Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 566, 494 N.E.2d 1206, 1207.) Thus, on review of a trial court's decision regarding a *forum non conveniens* motion, the question is not whether a reviewing court would have weighed the factors differently or would have resolved the issue as did the trial court. (*Darnell*, 144 Ill. App. 3d at 570, 494 N.E.2d at 1210.) The only concern on review is whether the trial court's decision constitutes an abuse of discretion. (*Darnell*, 144 Ill. App. 3d at 570, 494 N.E.2d at 1210.) A cause should be transferred on *forum non conveniens* grounds only in exceptional circumstances when it has been shown that the interests of justice require a trial in a more convenient forum. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 346, 456 N.E.2d 601, 605.) The case now before us is not such a case. We find no abuse of discretion in the trial court's denial of defendant's motion to transfer venue, especially in this case where the situs of the alleged injury is an adjoining county.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

HARRISON and HOWERTON, JJ., concur.