MARK OVERTURF, Plaintiff-Appellee, v. ILLINOIS CENTRAL GULF RAILROAD COMPANY *et al.*, Defendants-Appellants.

Fifth District   No. 5—88—0690

Opinion filed December 20, 1989.

Paul M. Brown and John G. Simon, both of Coburn, Croft & Putzell, of Belleville, for appellants.

John H. Hustava, of John H. Hustava, P.C., of Collinsville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Mark Overturf, brought a negligence action in the circuit court of Madison County to recover damages for personal injuries he sustained when he was struck by a train while walking alongside some railroad tracks in Buckner, Illinois, which is located in Franklin County. Named as defendants were the Illinois Central Gulf Railroad Company (the Railroad), the operator of the train; Harry R. Lacy, the conductor of the train; Danny Isom, who was the train's fireman; and W.E. Breeze, who was the train's engineer. Defendants moved to transfer plaintiff's action to Franklin County on grounds of intrastate *forum non conveniens*. That motion was denied. We then granted defendants' petition for leave to appeal under Supreme Court Rule 306(a)(1)(ii) (107 Ill. 2d R. 306(a)(1)(ii)). We now reverse and remand with directions.

Although broad discretion is vested in the trial court in determining whether particular circumstances require transfer of a cause for reasons of *forum non conveniens*, a trial court's decision will be reversed on review if it can be shown that, in deciding as it did, the court abused its discretion. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223, 506 N.E.2d 1291, 1293.) On this appeal, defendants argue that such an abuse of discretion occurred here and that plaintiff's cause should have been transferred by the trial court from Madison County to Franklin County. We agree.

The standards governing *forum non conveniens* motions are now familiar. In deciding whether the doctrine of *forum non conveniens* applies, a court must balance private interest factors affecting the convenience of the litigants and public interest factors affecting the administration of the courts. Factors relating to the private interest of the litigants include the " 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling,

and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " (*Bland*, 116 Ill. 2d at 224, 506 N.E.2d at 1294, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L.Ed. 1055, 1062-63, 67 S. Ct. 839, 843.) Relevant public interest factors include the administrative difficulties flowing from court congestion; "a local interest in having localized controversies decided at home"; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Bland*, 116 Ill. 2d at 224, 506 N.E.2d at 1294.

■ A plaintiff's right to select the forum is, of course, a substantial one. Accordingly, unless the foregoing factors strongly favor the defendants, the plaintiff should be allowed to exercise his choice in deciding upon the forum in which to bring his case, assuming that venue is proper. (*Bland*, 116 Ill. 2d at 225, 506 N.E.2d at 1295.) In this case, however, we believe that the balance does strongly favor defendants' proposed alternative forum.

■ The record before us shows that plaintiff resides in the City of Buckner, which is in Franklin County. He is not a resident of Madison County, the forum in which he has chosen to bring his action. For this reason, his choice of Madison County is entitled to less deference. (*Bland*, 116 Ill. 2d at 228, 506 N.E.2d at 1296.) Moreover, as this court has recently noted, our supreme court has expressed the desire that the forum include the place of injury. (*Peterson v. Monsanto Co.* (1989), 181 Ill. App. 3d 677, 679, 537 N.E.2d 1030, 1031.) The place where plaintiff sustained the injuries which gave rise to this litigation is Franklin County, not Madison County.

■ The parties have thus far identified various individuals who may be called to testify at trial regarding the events leading up to plaintiff's injury. All of these potential witnesses reside in Franklin County. The ambulance which responded to the scene when plaintiff was hurt was from Franklin County EMS, Inc., and that ambulance transported plaintiff from the accident scene to Franklin Hospital in the City of Benton, the same city where the Franklin County courthouse is located. Thereafter, Tri-State Ambulance Service, which is also located in Benton, transported plaintiff for further medical care to St. John's Hospital in Springfield, Illinois. According to the record, three physicians are presently treating plaintiff. Two have offices in Franklin County. The office of the third is located in Carbondale, Jackson County, which is adjacent to Franklin County.

The record indicates that Trooper M.A. Jones investigated the accident on behalf of the Illinois State Police. At the time of the acci-

dent, Jones was based in Du Quoin, Perry County, which is also adjacent to Franklin County. Jones is presently stationed in Springfield, Sangamon County. There is no dispute that defendant the Railroad does business in Franklin County as well as Madison County and numerous other counties in this State. Defendant W.E. Breeze resides in Jefferson County, which is immediately north of Franklin County, while defendant H.R. Lacy resides in Perry County, which borders Franklin County on the west.

As we have indicated, Madison County is one of the places in which defendant the Railroad transacts business. Although this would provide a basis for venue in Madison County, it is not, under the circumstances here, an important factor in resolving the question of *forum non conveniens*. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 226, 506 N.E.2d 1291, 1295.) In fact, the only significant factual connection which this litigation seems to have with Madison County is that one of the four defendants, Danny Isom, is from Granite City, a town in Madison County. While this factor does support plaintiff's choice of forum, it is not dispositive and cannot be viewed in isolation. It must be balanced against the various other factors relating to the private interests of the litigants, and, as our review of the record has indicated, those factors overwhelmingly favor Franklin County.

Public interest factors also strongly favor transfer to Franklin County. As the situs of plaintiff's injuries, Franklin County has a clear connection with this litigation. That the injuries were sustained there gives the plaintiff's claim the aspect " 'of a localized controversy with a local interest in having the controversy "decided at home." ' " *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 229, 506 N.E.2d 1291, 1297, quoting *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 500, 490 N.E.2d 694, 697.

In assessing the public interest factors, consideration of the presence or absence of congestion of court dockets is also important. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 229, 506 N.E.2d 1291, 1297.) Although plaintiff here is a resident of Franklin County, he has filed his action in Madison County, whose court docket is considerably more congested. Our supreme court has indicated that in evaluating court congestion it is proper to take judicial notice of the Annual Reports of the Administrative Director to the Supreme Court of Illinois. (*Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 122, 497 N.E.2d 745, 749.) The Annual Report for 1987, the most recent available to us, indicates that the average time lapse for law jury cases seeking damages in excess of

$15,000, as this case does, was 37.5 months in Madison County, but only 27.4 months in Franklin County. Defendants submitted an affidavit based on statistics obtained from the Administrative Office of the Illinois Courts which indicated that by March 31, 1988, this disparity had increased even further. The estimated time lapse for law jury cases seeking damages in excess of $15,000 was calculated to be 40 months in Madison County, but only 24 months in Franklin County.

For the foregoing reasons, we believe that the circuit court abused its discretion when it refused to grant defendants' motion to transfer plaintiff's cause from Madison County based on *forum non conveniens*. Accordingly, the circuit court's order denying that motion is reversed, and this cause is remanded with directions to transfer the cause to Franklin County.

Reversed and remanded with directions.

WELCH and HOWERTON, JJ., concur.