(No. 68064.—

F. LEE GRIFFITH *et al.*, Co-executors of the Estate of F. Francis D'Addario, Deceased, Appellees, v. MITSUBISHI AIRCRAFT INTERNATIONAL, INC., *et al.*, Appellants.

*Opinion filed April 18, 1990.*

Peterson, Ross, Schloerb & Seidel, of Chicago, and Condon & Forsyth, of New York, New York (J. Robert Geiman, William A. Chittenden III, Marshall S. Turner, Edward G. Petraglia and Barry C. Taylor, of counsel), for appellants.

Kreindler & Kreindler, of New York, New York, and Carponelli, Krug & Lerum, of Chicago (Steven R. Pounian, Norman J. Lerum and Blanca I. Rodriguez, of counsel), for appellee Judith A.Z. Klein.

Frank H. Granito, Jr., of Speiser & Krause, P.C., of New York, New York, and Susan P. Malone, of Chicago, for appellee Gloria Gribbin Smejkal.

Corboy & Demetrio, P.C., of Chicago (Kenneth C. Miller and David A. Novoselsky, of counsel), for appel-

lees David D. D'Addario *et al.*

JUSTICE MILLER delivered the opinion of the court:

The instant cases arise out of an air crash that occurred on March 5, 1986, in Eola, Du Page County, Illinois. The flight originated from Meigs Field in Chicago and was en route to Du Page County Airport when the crash occurred. On board were two pilots, Robert Klein and Donald C. Malatesta, and three passengers, Margaret Burnidge, F. Francis D'Addario, and Ivan F. Smejkal, all of whom died as a result of injuries sustained in the crash. Plaintiffs, as administrators of the estates of the deceased occupants, filed separate wrongful-death and survival actions in the circuit court of Cook County against defendants Mitsubishi Aircraft International, Inc. (MAI), TRW, Inc., Allied-Signal, Inc., Unisys Corporation, and Cavanaugh Aviation, Inc., among others. The cases were consolidated for discovery purposes. In June 1986, the five defendants named above moved to transfer the cases to Du Page County on the ground of *forum non conveniens*. After the circuit court of Cook County denied the motion, defendants filed a petition for leave to appeal from the trial court's order, which the appellate court denied (107 Ill. 2d R. 306(a)(1)(ii)). We granted defendants' petition for leave to appeal (107 Ill. 2d R. 315(a)).

A brief review of the facts is necessary. On March 5, 1986, plaintiffs' decedents traveled from Connecticut to Chicago on business. From Chicago, they proceeded to Detroit and then made a return trip to Chicago. Before returning home to Connecticut, the decedents headed toward the Du Page County Airport, where they were to drop off Ms. Burnidge, one of the passengers. Plaintiffs allege that shortly after the decedents left Meigs Field in Chicago, the aircraft, a Mitsubishi MU-2, went into a

"spin" and crashed to the ground. The point of impact was in Eola, Du Page County, Illinois.

None of the plaintiffs are residents of Illinois. Plaintiffs Griffith, Smejkal, Klein, and Malatesta are residents of Connecticut, as were their decedents at the time of the accident. One of the decedents, Margaret Burnidge, was a resident of Wheaton, Du Page County, Illinois, at the time of her death. The Burnidge actions, however, were settled by the owner of the aircraft, Air Hi-Ho, Inc., subsequent to defendants' appeal to this court.

Plaintiffs filed separate wrongful-death and survival actions in Cook County, Illinois, alleging that the aircraft and various component parts were in an unreasonably dangerous condition and that defendants negligently designed and/or manufactured the aircraft and its components. Plaintiffs also allege that Cavanaugh, the seller of the aircraft, placed the aircraft into the stream of commerce in an unreasonably dangerous condition. Finally, plaintiffs Griffith and Smejkal allege alternatively that the pilots of the aircraft were negligent and that their negligence caused the accident.

The doctrine of *forum non conveniens* is an equitable doctrine that assumes the existence of more than one forum with jurisdiction over the parties and the subject matter of a case. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223.) Application of the doctrine "invokes principles of convenience and fairness in choosing between two or more forums that have jurisdiction." *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 382.

In resolving a *forum non conveniens* question, a court must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. (*Bland*, 116 Ill. 2d at 223.) Private interest factors to be considered are the convenience of the parties, the relative ease of access to sources of

proof, the accessibility of witnesses, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 289, citing *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843; *Torres v. Walsh* (1983), 98 Ill. 2d 338, 351.

Relevant public interest factors include the administrative difficulties caused when litigation is handled in congested venues, the unfairness of imposing jury duty upon residents of a county with no connection to the litigation, and an interest in having localized controversies decided locally. *McClain*, 121 Ill. 2d at 289.

A further consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum. A plaintiff's right to select the forum is a substantial one, and unless the factors weigh strongly in favor of transfer, "the plaintiff's choice of forum should rarely be disturbed." (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73, citing *Gilbert*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843.) The plaintiff's choice deserves less deference, however, where the plaintiff is not a resident of the chosen forum. As the Supreme Court explained in *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266, "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable."

This court has consistently held that a trial court is vested with broad discretion in ruling on a *forum non conveniens* motion; its decision will be reversed only if it is shown that the court abused its discretion in weighing the relevant considerations. *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 118.

We turn, then, to the question of whether the trial court here abused its discretion in weighing the relevant factors. Defendants argue that because the private and public interest factors strongly favor transfer to Du Page County, the trial court abused its discretion in denying their motion to transfer. Defendants further contend that although they met their burden of showing that the factors strongly favor transfer, a less stringent test should have been applied since plaintiffs are not residents of the forum they selected. Thus, defendants maintain that the trial court erred in applying the unequal balancing test currently used in deciding a *forum non conveniens* motion. The current balancing test is an uneven one that requires a showing that the relevant factors strongly favor transfer before transfer is allowed. (*McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278.) Defendants argue that the trial court, in applying the unequal balancing test, accorded plaintiffs' choice of forum too much deference. Because defendants' second argument addresses the test to be applied in deciding a *forum non conveniens* motion, we shall address that issue first.

Defendants maintain that because plaintiffs are not residents of Cook County, the trial court should have applied what defendants term an "equal balancing test" to accommodate the lesser deference given to plaintiffs' choice of forum when plaintiffs are not residents of the forum chosen. Under defendants' test, a defendant need only show that the factors "favor," rather than "strongly favor," transfer when plaintiffs are foreign to the chosen forum.

We are not persuaded that we should alter the current *forum non conveniens* analysis in the manner defendants suggest. Under our current *forum non conveniens* analysis, deference to the plaintiff's choice of forum is but one factor, along with other relevant private

and public interest factors, to be considered in the balancing process. The deference given to plaintiff's choice of forum is a factor which may be given more or less weight within the test, depending on whether the plaintiff is a resident of the forum selected. In deciding a *forum non conveniens* motion, a court is to take all the relevant factors into account, giving each factor, including plaintiff's choice of forum, proper deference or weight under the circumstances. If the plaintiff is foreign to the forum selected, the forum choice should be given less deference than it would be given if the plaintiff were a resident of the forum selected. The test, then, is whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by defendant.

By giving plaintiff's choice of forum more or less weight within the formula, the current test takes into account the plaintiff's status as a resident or a nonresident of the forum chosen. We are satisfied that the current test ensures that a nonresident plaintiff's choice of forum will not be accorded undue deference, and we see no reason to reject it in favor of the balancing test proposed by defendants.

In support of our conclusion, we note that this court has decided a number of *forum non conveniens* cases in which the plaintiffs were foreign to the forums they selected. (*McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278; *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217; *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359.) In each case, the court stated that the plaintiff's choice of forum was entitled to less deference because the plaintiff was not a resident of the forum it selected; we stated in each case, however, that the test to be applied in deciding a *forum non conveniens* motion is whether the relevant

factors strongly favor transfer. (*McClain*, 121 Ill. 2d at 289; *Bland*, 116 Ill. 2d at 225; *Satkowiak*, 106 Ill. 2d at 233; *Weiser*, 98 Ill. 2d at 367.) We therefore decline defendants' invitation to reject the unequal balancing test currently used in deciding *forum non conveniens* motions.

Defendants further maintain that even if the trial court applied the proper balancing test, the court accorded plaintiffs' choice of forum too much deference. Defendants refer to two pages in the record in support of their argument. Standing alone, the trial court's comment that "there is an overall pervading concern *** that under the American judicial system the plaintiff essentially has the right to choose the forum" seems to place a great deal of emphasis on the plaintiffs' choice of forum. The trial court proceeded to explain, however, that a plaintiff may not exercise that right to the inconvenience and prejudice of the defendant, and that if the relevant factors strongly favor the forum suggested by the defendant, transfer will be granted. In reviewing the record as a whole, and particularly the full basis for the court's ruling, we cannot conclude that the trial court accorded undue deference to the plaintiffs' choice of forum.

Having determined that the trial court applied the proper balancing test in ruling on defendants' motion to transfer, we turn next to the question of whether the trial court abused its discretion in denying the transfer.

Defendants contend that because the private and public interest factors strongly favor transfer to Du Page County, the trial court abused its discretion in denying their motion to transfer. According to defendants, a majority of the potential witnesses reside in or near Du Page County. In addition, defendants maintain that Du Page County, as the site of the accident, has a stronger interest in resolving the instant litigation than does Cook

County. Defendants contend that Cook County lacks any significant factual connection to these cases. Add to these factors the crowded condition of the Cook County court dockets, defendants argue, and it is clear that the relevant factors strongly favor transfer to Du Page County.

Upon review of the record in this case, we are unable to conclude that the trial court abused its discretion in denying defendants' motion to transfer to Du Page County. Although we accord the nonresident plaintiffs' choice of forum less deference than we would if plaintiffs resided in Cook County, we cannot conclude that the relevant factors weigh strongly in favor of transfer. First, there is unimpeded access to sources of proof in Cook County. Second, pre- and post-occurrence witnesses are dispersed fairly evenly among Cook, Du Page and Kane Counties, and third, Cook County's interest in resolving the instant litigation is at least as strong as that of Du Page County.

Considering first the relevant private interest factors, we cannot conclude that trial in Cook County would obstruct the parties' access to sources of proof. Defendants refer specifically to three potential sources of proof located outside of Cook County: the tapes of the weather briefings given to the pilots prior to the flight, the radar tracking tapes pertaining to the flight, and the aircraft wreckage. The record shows, however, that each of these items may be produced in Cook County without undue expense or inconvenience.

Turning next to the accessibility of witnesses, defendants argue that virtually all of the occurrence and post-occurrence witnesses reside or work in Du Page County. The record reveals that the trial court carefully considered the number of witnesses listed by the parties, their residences, and the likelihood that they would be called to testify at trial. The trial court questioned the rele-

vance of testimony from a number of the potential witnesses listed by defendants, including various members of the Du Page County sheriff's department and Aurora fire department who were summoned to the site of the crash. In short, the trial court conducted a detailed analysis of the witnesses and the relevance of their testimony and apparently concluded that the witnesses likely to be called to testify at trial were dispersed fairly evenly among Du Page, Cook and Kane Counties. On review, we find no reason to disturb the trial court's assessment.

Defendants raise a number of issues related to the accessibility of witnesses. First, defendants argue that this court should disregard plaintiffs' references to Cook County witnesses because plaintiffs never referred to these witnesses in the proceedings below. A review of the record shows, however, that plaintiff Griffith refers to weather and preflight inspection witnesses from Cook County in his response to MAI's motion to transfer and in his "Exhibit B" which is attached to the response.

Defendants next allege that the trial court erred in considering the convenience of out-of-State parties and witnesses. In ruling on defendants' motion, the trial court enumerated the factors it considered, and among those considerations was the location of the out-of-State defendant-manufacturers. Defendants argue that because this case involves a question of intrastate, not interstate, *forum non conveniens,* the convenience of out-of-State witnesses is an inappropriate consideration.

We disagree. The convenience of the parties and the accessibility of witnesses are factors that must be considered in deciding a *forum non conveniens* question. (*McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 289, citing *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843; *Torres v. Walsh* (1983), 98 Ill. 2d 338, 351.) The fact that

this case involves an intrastate *forum non conveniens* question does not mean that the convenience of out-of-State parties and witnesses may not be considered. In *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, the plaintiff brought suit in Madison County, Illinois. As part of the *forum non conveniens* analysis, this court considered the fact that Whiteside County, Illinois, one of the alternative forums suggested by defendant, was more convenient for Iowa witnesses than was Madison County. We find that the trial court did not err in considering the convenience of out-of-State witnesses.

In connection with the previous issue, defendants argue that the trial court erroneously assumed that because of the airport and transportation facilities in Cook County, Cook County would be more convenient for out-of-State witnesses than Du Page County. Defendants argue that O'Hare Airport in Cook County is actually closer to the Du Page County courthouse than it is to the Cook County courthouse in downtown Chicago. Without debating the relative merits of each county's air and transportation facilities, we find that the trial court placed relatively little emphasis on this consideration. We find no abuse of discretion.

Defendants next claim that the trial court improperly considered the location of the parties' expert witnesses. This court has held that the location of expert witnesses should not be accorded undue weight in the *forum non conveniens* analysis; otherwise, parties to a lawsuit could easily frustrate the *forum non conveniens* doctrine through the selection of their expert witnesses. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 227.) However, there is no indication in the record that the trial court considered the convenience of the parties' experts in deciding defendants' motion.

Before we turn to the public interest factors, we note that the forum chosen by plaintiffs and the alternative forum suggested by defendants are located in adjacent counties, a fact which distinguishes the instant case from those in which this court found that the relevant factors strongly favored transfer. Plaintiffs state without contradiction that the distance between the Cook County and Du Page County courthouses is 24 miles. While mileage is but one indication of convenience (*Bland*, 116 Ill. 2d at 227), the relatively short distance between the forum chosen by plaintiffs and that suggested by defendants makes it unlikely that trial in Cook County would be more costly or inconvenient. See *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112.

We turn next to the public interest factors to be considered. Defendants argue that the public interest factors strongly favor transfer to Du Page County. Defendants assert that the actions should have been transferred to Du Page County because it has an interest in protecting persons within its borders and in compensating victims of accidents that occur there. In addition, defendants argue, the docket of the Cook County court system is significantly more congested than that of Du Page County. Finally defendants argue that it would be unfair to impose on Cook County residents the burden of jury duty and the costs of conducting the trial of these cases.

Although we agree that Du Page County has an interest in resolving this litigation, we cannot conclude that Cook County lacks such an interest. The focal point of the decedents' business travels was Chicago. On the day of the crash, decedents traveled from their home State of Connecticut to Meigs Field in Chicago. They then flew from Chicago to Detroit and back to Chicago again. The crash occurred just minutes after leaving Meigs Field in Chicago. Thus, Cook County was the last

place the aircraft was on the ground, and the last place the plane was inspected, before the crash occurred. Cook County's interest in the instant litigation is in ensuring the safety of the flights that emanate from its airports, an interest similar to Du Page County's interest in ensuring compensation for those who are injured in aircraft accidents within its borders.

As for the court congestion factor, figures compiled by the Administrative Office of the Illinois Courts indicate that the average length of time from the date of filing to the date of final disposition for jury cases involving $15,000 or more is 21.4 months in Du Page County. In Cook County, the average time to try such a case is 66.3 months. According to these figures, then, the Cook County court system is significantly more congested than that of Du Page County. None of the other relevant factors, individually or collectively, can be said to weigh strongly in favor of transfer, however, and we find that the court congestion factor alone is not enough to justify transfer of these cases to Du Page County.

Defendants argue next that it would be unfair to burden Cook County residents with the costs of "foreign" litigation and with jury duty in suits that have no relevant connection to Cook County. We disagree. As previously discussed, Cook County has an interest in ensuring the safety of flights which emanate from its airports. Given Cook County's interest in the resolution of the instant cases, we cannot conclude that it would be unfair to impose jury duty on the citizens of Cook County or that trial in Cook County would unfairly burden Cook County's taxpayers.

Defendants contend finally that the trial court erred in relying on the length of time that two of the cases have been pending in the Cook County system as its primary reason for denying transfer. In reviewing the record of the hearing on defendants' motion, however, we

find no merit to this contention. Although the trial court considered the length of time these cases have been pending, the court devoted considerably more attention to the private and public interest factors discussed above. Thus, we do not believe that the trial court placed undue emphasis on the length of time the cases have been pending in Cook County.

In sum, we cannot conclude that the trial court abused its discretion in weighing the public and private interest factors. This court has consistently held that the role of this court is not to substitute our judgment for that of the trial court, or to decide whether we would have weighed the factors differently (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366), or even to determine whether the trial court "exercised [its] discretion wisely." (*Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 503.) Rather, our task is to determine whether the trial court abused its discretion. It is evident from the record of the hearing on defendants' motion that the trial court carefully weighed the relevant considerations and found that the factors do not weigh strongly in favor of transfer to Du Page County. We conclude, therefore, that the trial court did not abuse its discretion in denying defendants' motion to transfer.

As a final matter, plaintiffs Griffith and Smejkal contend that MAI failed to file its motion to transfer within the time specified by Rule 187 (107 Ill. 2d R. 187). Because of our resolution of the case, however, we need not decide whether MAI's motion to transfer was timely filed.

For the foregoing reasons, the judgment of the circuit court is affirmed.

*Judgment affirmed.*