ELZO LINT, Plaintiff-Appellee, v. MISSOURI PACIFIC RAILROAD COM-PANY *et al.*, Defendants-Appellants.

Fifth District    No. 5—89—0349

Opinion filed filed July 27, 1990.

James C. Cook and Leslie G. Offergeld, both of Walker & Williams, P.C., of Belleville, for appellants.

John H. Hustava, of John H. Hustava, P.C., of Collinsville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:
Plaintiff, Elzo Lint, brought a negligence action in the circuit court of St. Clair County to recover damages for personal injuries he sustained when his vehicle was struck by a train at a highway/railway grade crossing in Steeleville, Illinois, which is located in Randolph County. Named as defendants were Missouri Pacific Railroad Company (Mo-Pac); Union Pacific Railroad Company; and James G. Smith, the train's engineer. The defendants' motion to transfer plaintiff's action to Randolph County on grounds of intrastate *forum non conveniens* was denied by the St. Clair County circuit court on April 28, 1989. This court has granted defendants' petition for leave to appeal

under Supreme Court Rule 306(a)(1)(ii) (107 Ill. 2d R. 306(a)(1)(ii)). We affirm.

■ *Forum non conveniens* is an equitable doctrine that assumes the existence of more than one forum with jurisdiction over the parties and the subject matter of the case. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223, 506 N.E.2d 1291, 1294.) In resolving a *forum non conveniens* question, the court must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. 116 Ill. 2d at 223-24, 506 N.E.2d at 1294.

■ Private interest factors to be considered are the convenience of the parties, the relative ease of access to sources of proof, the accessibility of witnesses, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 105-06, 554 N.E.2d 209, 211.) Relevant public interest factors include the administrative difficulties caused when litigation is handled in congested venues, the unfairness of imposing jury duty upon residents of a county with no connection to the litigation, and an interest in having localized controversies decided locally. 136 Ill. 2d at 106, 554 N.E.2d at 211.

■ A further consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum. A plaintiff's right to select a forum is a substantial one, and unless the factors strongly favor transfer, then the plaintiff should be allowed to exercise his statutory right to choose his forum. (*Griffith*, 136 Ill. 2d at 106, 554 N.E.2d at 211; *Bland*, 116 Ill. 2d at 225, 506 N.E.2d at 1295.) However, the plaintiff's choice deserves less deference where he is not a resident of the chosen forum. *Griffith*, 136 Ill. 2d at 106, 554 N.E.2d at 211.

■ ■ The record before us indicates that the factors do not so strongly favor transfer that plaintiff's choice of forum should be overturned. The party seeking transfer of venue on *forum non conveniens* grounds has the burden of showing that plaintiff's chosen forum will be unduly burdensome or inconvenient to him. (*Hoffmeister v. K mart Corp.* (1989), 181 Ill. App. 3d 739, 743, 537 N.E.2d 460, 462.) Here, defendants have failed to provide such a showing.

Examining the relevant factors, the parties agree that venue is properly fixed in either Randolph County, where the cause of action arose, or in St. Clair County, where defendant Smith resides. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—101.) Additionally, venue is proper in either forum as defendant Mo-Pac does business in both Randolph and

St. Clair Counties. See Ill. Rev. Stat. 1989, ch. 110, par. 2—102.

As to the accessibility of sources of proof and witnesses, the record reveals that the four members of the train crew, including defendant Smith, all reside in St. Clair County. The City of Steeleville police officer and ambulance attendants who responded to the accident, as well as Mo-Pac's manager-train operations, and Mo-Pac's investigator reside in Randolph County. Plaintiff, who resides in Perryville, Missouri, obtained treatment from one physician and hospital located in Randolph County, and from two physicians and one hospital located in Cape Girardeau, Missouri.

Although defendants argue that the presence of pertinent business records, reports, and the greater number of witnesses in or near Randolph County militates its choice as the most convenient forum, the extent to which this proximity affects their "accessibility" is not so apparent. The witnesses from Randolph County can all be subpoenaed to testify at trial in St. Clair County. (See *Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 568, 494 N.E.2d 1206, 1209.) Those witnesses who reside out of State are not subject to compulsory process and may have their testimony presented by evidence deposition regardless of the forum. If an out-of-State witness is disposed to appear voluntarily, the extra time involved in travel to St. Clair County would be unlikely to dissuade them, and the extra expense borne by defendants would be negligible. Where Randolph County, the situs of the alleged injury, and St. Clair County are adjoining counties, trial in St. Clair County would not be significantly more costly or inconvenient. (See *Griffith*, 136 Ill. 2d at 113, 554 N.E.2d at 214; see also *Hoffmeister*, 181 Ill. App. 3d at 744, 537 N.E.2d at 463.) As this court stated in *Daiber v. Montgomery County Mutual Fire Insurance Co.* (1989), 191 Ill. App. 3d 566, 568, 548 N.E.2d 17, 19, "it is most difficult to demonstrate inconvenience when the alternative forum adjoins the county in which venue otherwise properly was laid."

Considering the public interest factors, defendants argue that court congestion is much greater in St. Clair County than in Randolph County, citing a 1985 Annual Report of the Administrative Office of the Illinois Courts to the Supreme Court. However, as this court stated in *Hoffmeister*, where a similar claim was made:

"While court congestion is certainly a factor to be considered, the circuit court of St. Clair County, which denied defendant's motion to transfer venue, apparently did not consider this factor to weigh heavily in defendant's favor. The trial court was in a better position than this court to assess the burden posed by

its own docket, and we will not second-guess its judgment." 181 Ill. App. 3d at 744, 537 N.E.2d at 462.

Defendants also argue that Randolph County, the situs of the alleged accident, has an interest in having the controversy decided locally, while St. Clair County does not. However, plaintiff claims that it was the failure of defendant Smith, a St. Clair County resident, to perform his duties as engineer of the train which precipitated the accident. Thus, although defendant's residence in plaintiff's choice of forum is not dispositive (see *Overturf v. Illinois Central Gulf R.R. Co.* (1989), 195 Ill. App. 3d 962, 965, 553 N.E.2d 1, 2), it does give St. Clair County a local interest in the litigation. Similarly, we cannot say that it would be unfair to burden St. Clair county jurors with the trial of one of their fellow residents.

■ Whether a *forum non conveniens* motion should be granted or denied rests within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of discretion. (*Hoffmeister*, 181 Ill. App. 3d at 744, 537 N.E.2d at 463.) Thus, on review, the role of this court is not to substitute our judgment for that of the trial court, or to decide whether we would have weighed the factors differently. Rather, our task is to determine whether the trial court abused its discretion. *Griffith*, 136 Ill. 2d at 115, 554 N.E.2d at 215; *Hoffmeister*, 181 Ill. App. 3d at 744, 537 N.E.2d at 463.

While we are mindful that the plaintiff's choice of forum is entitled to less deference, as he is not a resident of that forum, less deference does not mean no deference. (*Hoffmeister*, 181 Ill. App. 3d at 742, 537 N.E.2d at 462.) Therefore, where the record does not reveal factors weighing strongly in favor of transfer to Randolph County, we conclude that the trial court did not abuse its discretion in denying defendants' motion to transfer.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

LEWIS, P.J., and WELCH, J., concur.