CAROL MOFFITT, Adm'r of the Estate of Robert Moffitt, Plaintiff-Appellant, v. ILLINOIS POWER COMPANY *et al.*, Defendants-Appellees.

Fifth District   No. 5—92—0133

Opinion filed August 16, 1993.

Victor R. Cook, of Cook, Shevlin, Ysursa, Brauer & Bartholomew, Ltd., of Belleville (Bruce N. Cook, of counsel), for appellant.

Carl W. Lee and Gregory M. Skinner, both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellee Illinois Power Company.

Harold A. Donovan, of Donovan, Rose, Nester & Szewczyk, P.C., of Belleville, for appellee Avnet, Inc.

John D. Bauman, of Hinshaw & Culbertson, of Belleville, for appellee Viola Jansen.

JUSTICE WELCH delivered the opinion of the court:

This court granted plaintiff in the instant case leave to appeal pursuant to Illinois Supreme Court Rule 306 (134 Ill. 2d R. 306), on April 22, 1992. Plaintiff appeals from the January 27, 1992, order of the circuit court of St. Clair County. At issue on appeal is whether the circuit court of St. Clair County abused its discretion in granting the defendants' motions to transfer plaintiff's cause of action to Clinton County, Illinois, on grounds of *forum non conveniens*. We reverse.

Plaintiff, Carol Moffitt, administrator of the estate of Robert Moffitt, brought an action in the circuit court of St. Clair County on September 14, 1990, against defendants, Illinois Power Company, Avnet, Inc., and Viola Jansen, individually and as administrator of the estate of Roger Jansen. Plaintiff's decedent and Roger Jansen were electrocuted on September 27, 1985, while attempting to move a CB antenna manufactured by Avnet, Inc., which came into contact with an Illinois Power voltage line at the residence owned by Viola Jansen in New Baden, Illinois. Plaintiff alleges in her complaint that Illinois Power was negligent in the manner it failed to insulate, maintain, inspect, and warn in regard to its voltage lines located near defendant Jansen's home in New Baden. Avnet, Inc., is charged in the complaint with strict products liability in the design and manufacture of the CB antenna which is the subject of the lawsuit. Defendant Jansen, as administrator of her decedent's estate, was charged with negligence in the manner and method in which Roger Jansen installed the antenna and directed the decedent to move said antenna to a different location. Defendant Jansen, individually, is charged with negligence in the manner and method in which she installed the antenna, directed the decedent to move the antenna, and failed to warn decedent about the high-voltage lines near the building on which the antenna was installed.

Defendant Jansen's residence in New Baden is located in Clinton County, approximately 26 miles from the county seat in Carlyle, Illinois. New Baden is located only 13 miles from Belleville, Illinois, the county seat of St. Clair County.

Defendant Jansen filed a motion for change of venue, or in the alternative, a motion to transfer the action to the circuit court of Clinton County, on the ground of *forum non conveniens*, on October 12, 1990. In her motion defendant Jansen stated that the accident which is the basis of the complaint occurred in Clinton County, plaintiff's decedent was a resident of Clinton County, and plaintiff and defendant Jansen are residents of Clinton County. Defendant Jansen contended that venue was not proper in St. Clair County because none of the transactions out of which the cause of action arose occurred there. Alternatively, defendant contended that there were no significant factors connecting plaintiff's cause of action with St. Clair County and that trial in that county would hinder or prohibit her from producing witnesses and evidence necessary for the defense of the complaint. Defendant also contended that pretrial preparations and trial in St. Clair County would cause defend-

ant to expend sums of money for expenses which could be avoided if suit were filed in a forum closer to the place where the alleged cause of action arose. Defendant Jansen sought a change of venue or transfer to Clinton County on the grounds of *forum non conveniens*.

Defendant Illinois Power filed a separate motion on November 16, 1990, to transfer venue to Clinton County on the basis of *forum non conveniens*. Illinois Power noted in its motion that plaintiff had originally filed a complaint regarding the cause of action for the death of her decedent in St. Clair County in cause No. 86—L—1099. Illinois Power had filed a motion to dismiss or transfer based on *forum non conveniens* in that cause which was granted by the circuit court on September 3, 1987. Illinois Power further stated that discovery proceeded in Clinton County until plaintiff filed a motion to voluntarily dismiss, which was granted on March 20, 1990.

In addition to the points raised in defendant Jansen's motion to change or transfer venue, defendant Illinois Power stated that all of the potential witnesses listed by plaintiff in her answers to interrogatories are residents of New Baden. A copy of plaintiff's interrogatory answers was attached to the motion to dismiss or transfer venue. Illinois Power also noted that discovery undertaken earlier in the first cause filed by plaintiff indicates that the sources of proof are located in Clinton County. Illinois Power stated that public-interest factors strongly favor Clinton County as the proper forum for this cause since it is where the cause of action arose and where plaintiff, defendant Jansen, and plaintiff's decedent reside or resided at the time of the accident. Defendant attached the affidavit of Preston Martin, a claims representative for Illinois Power Company, in support of the statements in defendant's motion to dismiss or transfer venue.

Illinois Power also pointed out in its motion that the statistics of the State of Illinois Office of Court Administration, of which the court may take judicial notice, show that the case would proceed more expeditiously in Clinton County, and it attached a copy of the 1989 statistics to its motion. Defendant also attached the affidavit of James O'Donnell, a statistical analyst in the Administrative Office of the Illinois Courts, who stated that the 1989 statistics were the most recent and complete information available as of the date of the affidavit and that these statistics provide the number of law jury cases disposed of for cases over $15,000 and cases $15,000 or less, the number of and time lapse for all law jury cases terminated by verdict, and the average time lapse in months from the date of

filing of the complaint to the date of termination by verdict. Defendant filed a memorandum of law in support of its motion to transfer venue based on *forum non conveniens*.

Defendant Avnet, Inc., joined in defendant Jansen's motion to change or transfer venue on October 23, 1990. Defendant Avnet, Inc., also filed a joinder in defendant Illinois Power's motion to transfer venue based on *forum non conveniens* on November 21, 1990.

In response to the defendants' *forum non conveniens* motions, plaintiff filed her affidavit on November 2, 1990. In said affidavit plaintiff stated that she is employed in Belleville, Illinois, and that the regional headquarters of defendant Illinois Power is in Belleville, Illinois. Plaintiff also stated that New Baden is 13 miles from Belleville with a direct route on Highway 161, while it is 26 miles from Carlyle, Illinois, the county seat of Clinton County, and that St. Clair and Clinton are adjacent counties.

The hearing on defendants' *forum non conveniens* motions was continued by the court until December 3, 1991. Defendant Illinois Power filed a supplement to its motion to transfer venue based on *forum non conveniens* on December 2, 1991, citing two recently decided Illinois Supreme Court cases, *Washington v. Illinois Power Co.* (1991), 144 Ill. 2d 395, 581 N.E.2d 644, and *Vinson v. Allstate* (1991), 144 Ill. 2d 306, 579 N.E.2d 857, in support of its motion.

The court noted at the December 3, 1991, hearing that its docket was current, that only 10 cases out of 360 were two years old, that it was obviously more convenient for the potential witnesses to come to St. Clair County, and that there would be no jury viewing of the accident scene to deal with in this case. The court found that while all the equities were with the plaintiff's choice of forum, it felt that after the supreme court's decision in *Washington* it had no discretion in deciding *forum non conveniens* motions.

The court entered its order on January 27, 1992, granting defendants' motions and transferring plaintiff's case to Clinton County for *forum non conveniens*. The court made the following findings in its order:

"1. St. Clair County Courthouse is thirteen (13) miles from the accident scene in New Baden, Illinois, and Clinton County Courthouse is twenty-six (26) miles away from the accident scene.

2. Potential witness Randy Fochtman resides in New Baden, Illinois; Potential witness Frank Ponsler resides in Belle-

ville, Illinois; Potential witness Lydall Kleeman resides in Belleville, Illinois.[1]

3. Plaintiff, Carol Moffitt, resides in New Baden, Illinois.

4. Defendant, Viola Jansen, resides in New Baden, Illinois.

5. The Defendant, Illinois Power Company's regional headquarters is located in Belleville, Illinois.

6. Although the Court's docket is current and it is more convenient for witnesses to come to St. Clair County, the Court finds that the holding of *Washington v. Illinois Power* (Sept. Term, 1990) prevents the court from exercising its discretion over intrastate *forum non conveniens.*"

Plaintiff asserts on appeal that the trial court erred in failing to exercise its discretion by granting defendants' motions to transfer based on the doctrine of *forum non conveniens* where the court determined as a matter of fact that its own venue was most convenient. Defendants respond that the trial court did not abuse its discretion in granting their motions to transfer venue because there were no significant connections between St. Clair County and plaintiff's action, and defendants assert that trial should be had in Clinton County, where plaintiff resides and where the alleged accident occurred.

■■ ■ We initially note that the party seeking transfer of venue on *forum non conveniens* grounds has the burden of showing that plaintiff's chosen forum will be unduly burdensome or inconvenient to him. (*Lint v. Missouri Pacific R.R. Co.* (1990), 200 Ill. App. 3d 1047, 1049, 558 N.E.2d 702, 703.) In *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601 (the case which established the doctrine of intrastate *forum non conveniens*), the supreme court emphasized six factors to be taken into consideration in making a decision on a *forum non conveniens* case: the availability of an alternate forum, the access to sources of proof, the accessibility of witnesses, the relative advantages and obstacles to obtaining a fair trial, the congestion of the court dockets, and the convenience of the parties. (*Torres*, 98 Ill. 2d at 351, 456 N.E.2d at 601.) It is also well established that the trial court must balance private-interest factors affecting the convenience to the litigants with the public-interest factors affecting the administration of the court. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 105, 554 N.E.2d 209, 211; *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223-24, 506 N.E.2d

---

[1]The court's order so recites; yet, as defendants point out, these prospective witnesses, who are residents of St. Clair County, are not listed in plaintiff's answers to interrogatories and their names do not appear anywhere else in the record.

1291, 1294.) Private-interest factors to be considered are " 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' " (*Torres*, 98 Ill. 2d at 345, 456 N.E.2d at 604, quoting *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843.) Relevant public-interest factors include the administrative difficulties caused when litigation is handled in congested venues, the unfairness of imposing jury duty upon residents of a county with no connection to the litigation, and an interest in having localized controversies decided locally. (*Griffith*, 136 Ill. 2d at 106, 554 N.E.2d at 211, citing *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 289, 520 N.E.2d 368, 372.) Our supreme court has also consistently held that a trial court is vested with broad discretion in ruling on a *form non conveniens* motion and that its decision in this regard will be reversed only if it is shown that the court abused its discretion in weighing the relevant considerations. *Griffith*, 136 Ill. 2d at 106, 554 N.E.2d at 211; *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 118, 497 N.E.2d 745, 747.

We will first address the issue of whether the trial court erred or abused its discretion in granting defendants' motion to transfer venue to Clinton County. Abuse of discretion means clearly against logic. (*Daiber v. Montgomery County Mutual Fire Insurance Co.* (1989), 191 Ill. App. 3d 566, 568, 548 N.E.2d 17, 19.) The question is not whether the appellate court agrees with the circuit court but whether the circuit court acted arbitrarily, without employing conscientious judgment, or whether in view of all of the circumstances the court exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted. (*Washington v. Illinois Power Co.* (1990), 200 Ill. App. 3d 939, 942, 558 N.E.2d 509, 511, *rev'd on other grounds* (1991), 144 Ill. 2d 395, 581 N.E.2d 644.) We also note that error is committed when a trial court refuses to exercise discretion due to the incorrect belief that it has no discretion as to the question presented. *People v. Queen* (1974), 56 Ill. 2d 560, 565, 310 N.E.2d 166, 169, citing *People ex rel. Chesapeake & Ohio Ry. Co. v. Donovan* (1964), 30 Ill. 2d 178, 195 N.E.2d 634.

It is clear from our review of the hearing and the January 27, 1992, order that the trial court believed it had no discretion in this adjacent-county case to deny a motion to transfer venue based on *forum non conveniens* after the supreme court's decision in *Washington*

*v. Illinois Power.* In *Washington* the plaintiffs' son was electrocuted when he came into contact with an uninsulated electrical line owned by the defendant, Illinois Power. Decedent's mother witnessed the electrocution, and the complaint sought damages both for decedent's wrongful death as administrator of his estate and, individually, for intentional infliction of emotional harm to the mother. Plaintiffs filed their complaint in Madison County although they and the decedent had lived in Bond County and the accident occurred on their property in Bond County. Venue was proper in Madison County because Illinois Power maintains an office in that county.

Illinois Power filed a *forum non conveniens* motion to transfer venue to Bond County alleging that trial would be more convenient in that county because of a possible jury view, court congestion in Madison County, and the fact that all witnesses, including plaintiffs, resided in Bond County. The plaintiffs responded with the affidavits of nine witnesses who stated that they would travel without subpoena to testify for plaintiffs in Madison County. The trial court denied defendant's motion, and we affirmed, finding no abuse of discretion, because defendant failed to show exceptional circumstances or that the interests of justice required a transfer. We noted that there was a difference of only 35 minutes between the courthouses in question and that since Illinois Power maintains an office in Edwardsville, the Madison County seat, we could see no inconvenience to defendant in trying the case in Madison County.

In so ruling, we reasoned that under *Torres*, unless the balancing of the private- and public-interest factors strongly favored the defendant, the plaintiff should be allowed to exercise his choice in deciding what forum to bring the case, when venue is proper. We questioned whether a jury view would be utilized at trial, noting that the scene had radically changed, in that the tree decedent had been climbing at the time of the accident had been removed, and that photographs had been taken prior to the alteration. We also found no apparent practical problems that would make trial of a case easy, expeditious, and inexpensive so as to require transfer, and we noted that because the witnesses had sworn by affidavit to travel to Madison County without subpoena the relative ease of proof and cost of compelling attendance of witnesses would be no different than for Bond County. Of the public-interest factors, we noted that the report of the Administrative Office of the Illinois Courts did not take into account cases that are settled before trial and the availability of judicial personnel and facilities. We noted that Madison County has more judges and courtrooms than Bond County and that a trial court is in a better position to assess the

burden posed by its own docket, citing *Bishop v. Rockwell International Corp.* (1990), 194 Ill. App. 3d 473, 476-77, 551 N.E.2d 690, 693. We also noted that Madison County as well as Bond County has an interest in the controversy because defendant · provides electrical power to both counties. We found that only the public-interest factor of jury duty weighed in favor of defendant.

The supreme court reversed our decision, however, holding that the trial court abused its discretion by denying the defendant's *forum non conveniens* motion. Although noting that a plaintiff's right to select the forum is a substantial one and that the choice of forum should rarely be disturbed unless the factors weigh strongly in favor of transfer, the court noted that plaintiff's choice of forum is not entitled to the same weight or deference when the plaintiff does not reside in the county in which he files suit. Although the treating physicians in the case had offices which were closer to Madison County, the court noted that proximity was only one factor of convenience and that it did not weaken the considerations favoring trial in Bond County. Moreover, the court noted that it had previously held that undue weight should not be attributed to the fact that a treating physician or expert has an office in the chosen forum because plaintiff could thereby frustrate the *forum non conveniens* principle. The court further rejected plaintiffs' argument that their Bond County witnesses had agreed to testify without subpoena in Madison County, noting that defendant's witnesses were also located in Bond County and that there were practical problems associated with trial, such as continuances, which may require sending witnesses home to return at a later date and this extra expense should not be imposed on defendant. The court also noted that all sources of proof were located in Bond County and, although the tree where the accident occurred had been cut down, the propriety of viewing the scene is a decision to be left to the trial court.

Of the public-interest factors, the court noted that it had already taken notice of Madison County's congested court docket in previous cases and stated that was borne out in that case by the fact that the cause was numbered 87—L—1365 in Madison County while it would have been numbered 87—L—16 in Bond County. It also noted that although any county in which Illinois Power provides service would have an interest in the outcome of this case, none of those counties had an interest greater than that of Bond County, where the accident occurred. Moreover, citing *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839, the court noted that jury duty is a

burden that ought not to be imposed upon the people of Madison County, a community which has no relation to the litigation.

■ The record in the instant case indicates that, as in *Washington*, the counties involved are adjacent, the accident occurred in the transferee county, and the plaintiff, defendant Jansen, and all potential witnesses (listed by plaintiff on her answers to defendant's interrogatories) reside in the transferee county. Moreover, the most recently available statistics from the Illinois Office of Court Administration indicate that a great deal more law jury cases are tried to verdict in the chosen forum than in the transferee county and that the average time lapse in months for these cases in considerably longer in the chosen forum. It is small wonder that the trial court ruled in the face of these comparisons with the *Washington* case that it had no discretion to exercise in this case, in spite of the fact that it found St. Clair County to be more convenient than the transferee county. Indeed, one court has recently recognized that *Washington v. Illinois Power* stands for the proposition that accessibility alone is not enough to make a county convenient where there are no witnesses in the chosen forum. *Trent v. Caterpillar, Inc.* (1992), 234 Ill. App. 3d 839, 845, 599 N.E.2d 1145, 1149.

However, the operative facts of the instant case are distinguishable, in our opinion, from those in the *Washington* case, such that the trial court could properly have exercised its discretion in denying defendants' *forum non conveniens* motions. As the trial court so found, it is more convenient for all witnesses to come to St. Clair County for trial because its courthouse is located far closer to the New Baden witnesses and any witnesses from defendant's regional headquarters in Belleville than the courthouse in Clinton County. Thus, if there were continuances, as the supreme court recognized in *Washington*, it would be less burdensome on the witnesses and less expensive on the parties, with respect to payment of witness mileage checks, to return to St. Clair County. Moreover, if a view of the premises were necessary it would be more convenient for the jury to travel to New Baden from the St. Clair County courthouse than from the courthouse in Clinton County.

We also note that, unlike the *Washington* case, the trial court specifically found that its docket was current (only 10 cases out of 360 were two years old). Moreover, St. Clair County would have a greater interest in the outcome of the litigation than Madison County had in the *Washington* case because Illinois Power's regional headquarters are located in Belleville, Illinois. In addition, plaintiff's complaint alleges that Avnet, Inc., the company which is charged with strict prod-

ucts liability for the manufacture of the CB antenna which was involved in the fatal accident involving plaintiff's decedent, does business in St. Clair County. Therefore, the jury-duty factor which weighed in favor of defendant in the *Washington* case does not weigh heavily in favor of defendants in the instant case.

As noted above, the trial court did not exercise any discretion in granting defendants' *forum non conveniens* motions in the instant case; it specifically found that after the supreme court's holding in *Washington* it had no discretion in this regard. We believe that the trial court erroneously found that the *Washington* decision eliminates the trial court's discretion to weigh the private- and public-interest factors in an adjacent-county case. Accordingly, this case must be remanded to the circuit court of St. Clair County so that it can make such a determination.

Reversed and remanded.

CHAPMAN, P.J., and MAAG, J., concur.